HENRIETTA E. CHISHOLM, a Single Woman, v. COCONUT GROVE EXCHANGE BANK and K. W. CHISHOLM.

198 So. 703

En Banc

Opinion Filed November 19, 1940

Rehearing Denied December 10, 1940

*George J. Baya,* for Petitioner;

*Leland Hyzer* and *Edward L. Semple,* for Respondents.

BUFORD, J.—On petition for writ of certiorari under Rule 27 we review order of chancellor dismissing bill of complaint as to the defendant .bank. It appears that the petitioner has also taken appeal from the same order because of the uncertainty as to whether or not the order is a final decree. In effect, it is a final decree; but, technically, it is an interlocutory order because the cause remains undisposed of on the record as to the other defendants. We shall dismiss the appeal and dispose of the cause under Rule 27.

The record shows that on May 10, 1938, The Everard Corporation, a corporation under the laws of the State of Florida, was indebted to the Coconut Grove Exchange Bank in the sum of $6,000.00 and on that date made and executed to the bank its promissory note in the sum of $6,000.00 payable on demand, which note was secured by collateral security attached to the note.

K. W. Chisholm was president of the Everard Corporation. Henrietta E. Chisholm was vice-president and one Durden was secretary-treasurer of that corporation. K. W. Chisholm endorsed the note and thereby became liable to the payee for the payment of the note. After his endorsement the note was endorsed by Henrietta E. Chisholm.

Amongst the securities pledged to secure the payment of the note and attached to and made a part of the note were 98 shares of stock of the Everard Corporation held and owned by Henrietta E. Chisholm and which shares of stock had been assigned in blank by Henrietta E. Chisholm.

The answer alleges that 98 shares of stock owned by Henrietta E. Chisholm constituted all but two of the shares of stock of that corporation.

Sometime after the note was made, executed and endorsed and delivered to the bank, the bank gave notice, as required by statute, that it would on a day certain sell and

dispose of the securities pledged with the note and apply the proceeds on payment of the note. Mrs. Chisholm filed her suit to enjoin the sale of the securities by the bank and in her bill of complaint she alleged, in effect, that the securities involved here constituted her separate property and that the bank was without authority to sell and dispose of such securities to satisfy the note.

When K. W. Chisholm endorsed the note he became liable to the bank for the payment of it and he also thereby in writing ratified and approved the pledge of securities as collateral for the payment of the note and when Mrs. Chisholm endorsed the note she thereby, in writing ratified the pledge of securities for payment of the note. The result was that she thereby ratified and endorsed the pledging of securities which constituted her separate property for the debt and obligation which her husband assumed by endorsing the note. See Sec. 5866 (3947), Sec. 5868 (3949) C. G. L.

Under this state of facts, the wife's separate property so pledged became liable for the debt of her husband under the provisions of Section 1, Article XI of the Constitution.

This, in our opinion, is a stronger case than that which was presented in Springfield Co. v. Ely, 44 Fla. 319, 32 Sou. 892, and the opinion and judgment in that case is sufficient authority for sustaining and affirming the order of the chancellor involved here.

It, therefore, follows that the writ of certiorari is denied. So ordered.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur.

THOMAS, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.