**OLIVER J. JETTE v. H. WESLEY HARBISON, et ux. MAY KATHLEEN HARBISON.**

28 So. (2nd) 858                                    January Term, 1947
January 21, 1947                                         Division A

*Charles J. Schuh & Sons,* for plaintiff.

*L. D. Marin,* for defendants.

TERRELL, J.:

This is a certificate under Rule 38 of the Rules of this Court. The question certified is whether or not a judgment secured by the payee on a promissory note executed jointly by the husband and wife may be satisfied by an execution against the wife's separate property. It is admitted that the note was given for the husband's debt and that it was not sealed or witnessed.

The note was executed by the husband and wife in the usual form and upon default in payment the payee sued them jointly in a law action. The wife demurred to the declaration raising the bar of Section 1, Article XI of the Constitution, the pertinent part of which is that the separate property of the wife "shall not be liable for the debts of the husband without her consent given by some instrument in writing executed according to the law respective conveyances of married women."

Petitioner avers that the question presented is ruled by Chapter 21932, Acts of 1943, Section 708.08, Florida Statutes of 1941, the pertinent part of which says in substance that every married woman may take charge of and contract as she sees fit with reference to her separate property. It is contended that to all intents and purposes, the note in question made the wife and her property liable for the debt in question.

We do not think there is any merit to this contention. Section 1, Article XI of the Constitution sets out in terms the requirement necessary to bind the property of a married woman to pay her husband's debt. It cannot be done by a plain promissory note but must be done by an instrument in writing, executed according to the law respecting conveyances of married women. No statute can repeal or modify this requirement. Matthews v. McCain, 125 Fla. 840, 170 So. 323. When read in full the statute shows on its face a purpose to re-enact the constitutional requirement though it authorizes a

married woman to make other contracts relating to the sale or disposition of her separate property without the jointure of her husband.

The certificate is granted and the question certified in answer in the negative.

THOMAS, C. J., CHAPMAN, J., and FABISINSKI, Associate Justice, concur.