Action by the Continental Can Company, Inc., a corporation, against the Lee Company, Inc., of Tampa, a corporation, W.E. Lee, Miriam M. Lee and Rowena Lee Stout on a written guaranty of account for goods to be purchased by the corporate defendant. On questions certified from the circuit court.
Questions answered in accordance with opinion.
In November 1946, W.E. Lee and his wife M.M. Lee, executed a written guaranty of account for goods to be purchased by Lee Company, Inc., a corporation. In January 1948, a common law action was brought on the guaranty by Continental Can Company, Inc. against Lee Company, Inc. to recover sums secured by the guaranty.
M.M. Lee filed her plea to the declaration, alleging in substance, that when she executed the contract of guaranty she was a married woman, the wife of W.E. Lee, that the guaranty sued upon was signed by W.E. Lee her husband and herself, that under the provisions of Section 1, Article XI of the Constitution of Florida, F.S.A., all property of a married woman is her separate property, not liable for the debts of her husband without her consent in writing, executed according to the law respecting conveyances by married women, that any liability arising under said written guaranty is a liability of her husband and that the mere fact that she executed the guaranty is not sufficient to make it a charge against her separate property.
This plea raised two questions of law which by consent of counsel were certified to this Court for adjudication under Rule 38.
The first question certified is as follows: "When a husband and wife sign a written *Page 784 
guaranty of account for purchases to be made by a third party corporation, on open account, is the resulting debt a debt of the husband for which the wife's separate property cannot be taken, except by an instrument in writing as required by Section 1, Article XI of the Constitution?" When the contract of guaranty was executed the Lee Company, Inc., defendant, expected to purchase goods on open account from Continental Can Company, Inc., the plaintiff. The Continental Can Company exacted the indemnity contract from W.E. Lee. The contract of guaranty shows on its face that it was a joint and several obligation. So, both were bound and the release or discharge of one guarantor would not have the effect of releasing the other. Defendants contend that when the Lee Company, Inc., failed to pay, the debt then became the debt of W.E. Lee, the husband, for which the separate property of the wife, Mrs. M.M. Lee, cannot be bound. Wisdom v. Smith, 124 Fla. 371, 168 So. 814 and Jette v. Harbison, 158 Fla. 418, 28 So.2d 858 are relied on to support this contention.
We do not think there is any merit to this contention. At the time the contract of guaranty was executed, Chapter 21932, Acts of 1943, Section 708.08, F.S.A. sometimes known as the Married Woman's Emancipation Act, had been enacted. The effect and purpose of this act was to relieve from most of the common law disabilities of coverture. It authorizes married women to manage and control their separate property, to contract and be contracted with, sue and be sued and to execute and deliver instruments of every character without the joinder and consent of their husbands and to the same extent as if she were not married. The validity of this act was upheld in Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876.
The contract of guaranty brought in question was executed November 15, 1946, long after Chapter 21932, Acts of 1943 became effective. The latter act removed Mrs. M.M. Lee's disabilities and enabled her to execute the contract of guaranty by which she became liable for the debt of the corporation and not that of her husband. Any other interpretation would in effect vitiate Chapter 21932. Section 1, Article XI defines what constitutes a married woman's separate property and Chapter 21746, Acts of 1943, Section 693.03, F.S.A. defines the manner of its alienation which dispenses with private examination apart from the husband and other formalities.
We therefore conclude that the certificate should be granted and question one answered in the negative. Having reached that conclusion it becomes unnecessary to answer the second question.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.