PER CURIAM.
The plaintiff in an action upon five promissory notes suffered a summary final judgment in favor of one of the defendants, Minnie Goodman.[1] The basis of the summary judgment was the defense that the debt evidenced by the promissory notes was a debt of the husband of Minnie Goodman and that her signature as an endorser on the notes was not witnessed and acknowledged as required by Article XI, Section 1, of the Constitution of Florida, F.S.A.[2]
There is no suggestion of a genuine issue as to a material fact. Appellant’s contention is that the signature of the wife on the notes is sufficient consent in writing to meet the requirement of the constitution to subject her separate personal property to the debts of the husband and that therefore he should not be barred from a judgment against her but that he might be barred from levy of execution on her real property. In addition appellant contends that the liberalization of married women’s transfers of personal property by Section 708.08, Fla.Stat, F.S.A., malíes her separate personal property liable upon her note for her husband’s debt.
*548 In Jette v. Harbison, 158 Fla. 418, 28 So. 2d 858, the Supreme Court of Florida decided a question certified to it from the circuit court, Pinellas County. The question was whether or not a judgment secured by the payee on a promissoy note executed jointly by the husband and wife may be satisfied by an execution against the wife’s separate property. It was stated that the note was given for the husband’s debt. The question was decided in the negative. The Supreme Court stated that Section 1, Article XI of the Constitution sets forth the requirements necessary to bind the property of a married woman to pay her husband’s debts, and it cannot be done by a plain promissory note, nor can a statute repeal or modify these requirements. We conclude that what cannot be done by a plain promissory note cannot be done by a plain endorsement upon a promissory note.
Affirmed.

. After plaintiff’s appeal was lodged in this court, we remanded the cause (Kovens v. Bluestone, Fla.App.1961,132 So.2d 341) to the trial court for the entry of an order specifying whether or not the summary judgment was entered pursuant to that court’s construction of the mentioned section of the Constitution of Florida. The trial court having certified that the summary judgment was based upon a construction of the Constitution, the appeal was then transferred to the Supreme Court of Florida pursuant to Rule 2.1, subd. a (5) (d), F.A.R., 31 F.S.A. Thereafter the Supreme Court found that the trial court applied but did not construe the controlling constitutional provision and returned the appeal to this court. The appeal was reargued on October 31, 1961.

. “§ 1. Separate property not subject to husband’s debts. — All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women.”