145 So.2d 473 (1962)
Calvin KOVENS, Petitioner-Appellant,
v.
Sam BLUESTONE, Ray Goodman, and Minnie Goodman, Respondents-Appellees.
No. 31734.
Supreme Court of Florida.
October 10, 1962.
Ward & Ward, Miami, for petitioner-appellant.
Shorenstein & Lewis, Miami Beach, for respondents-appellees.
O'CONNELL, Justice.
The petitioner, Calvin Kovens, plaintiff below, seeks review of the decision of the District Court of Appeal, Third District, entered in Fla.App., 134 So.2d page 547.
Review was first sought by way of an appeal, but this Court has determined that there exists no jurisdictional ground upon which an appeal might be taken to this Court.
Oral argument was heard on the petition for writ of certiorari, filed by the petitioner *474 together with his notice of appeal, as to jurisdiction and the merits. Petitioner contends that the opinion under assault is in direct conflict with three decisions of this Court and that this Court therefore has jurisdiction to consider this cause in certiorari proceedings.
Petitioner sued the respondents, Ray Goodman and Minnie Goodman, his wife, on five promissory notes evidencing an indebtedness due from Ray Goodman to the petitioner. Each note was endorsed on the back by Minnie Goodman and on each her signature was witnessed by two persons. Her signatures were not acknowledged. The notes represented Ray Goodman's personal indebtedness.
Minnie Goodman answered the complaint denying that her signatures had been witnessed. She moved for a summary judgment, alleging her signatures did not constitute her consent to obligate her separate property to the indebtedness of her husband. This motion was granted by the trial judge and summary judgment in favor of Minnie Goodman was entered.
Petitioner appealed to the District Court of Appeal which affirmed the summary final judgment.
The District Court recognized the issue to be whether Minnie Goodman's signature as an endorser on her husband's promissory notes, representing his personal indebtedness, evidenced her consent to subject her separate property to the debts of her husband under Section 1, Article XI, Florida Constitution, F.S.A. This section provides:
"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women."
The district court stated that petitioner contended that he should not be barred from a judgment against Minnie Goodman although he might be barred from levy of execution on her real property.
In reply to this contention the district court of appeal, at Fla.App., 134 So.2d, page 548, said:
"In Jette v. Harbison, 158 Fla. 418, 28 So.2d 858, the Supreme Court of Florida decided a question certified to it from the circuit court, Pinellas County. The question was whether or not a judgment secured by the payee on a promissory note executed jointly by the husband and wife may be satisfied by an execution against the wife's separate property. It was stated that the note was given for the husband's debt. The question was decided in the negative. The Supreme Court stated that Section 1, Art. XI of the Constitution sets forth the requirements necessary to bind the property of a married woman to pay her husband's debts, and it cannot be done by a plain promissory note, nor can a statute repeal or modify these requirements. We conclude that what cannot be done by a plain promissory note cannot be done by a plain endorsement upon a promissory note."
Petitioner argues that this decision is in direct conflict with the decisions of this Court in Springfield Co. v. Ely, 1902, 44 Fla. 319, 32 So. 892; Chisholm v. Coconut Grove Exchange Bank, 1940, 144 Fla. 770, 198 So. 703; and Continental Can Co., Inc. v. Lee Co., Inc., Fla. 1949, 40 So.2d 783.
Petitioner also contends that this Court's decision in Jette v. Harbison, 1947, 158 Fla. 418, 28 So.2d 858, relied upon by the district court of appeal in the decision under review, is in conflict with the cases just cited.
We find no conflict.
In Continental Can Co., Inc. v. Lee Co., Inc., Fla., 40 So.2d 783, supra, this Court, at page 784, ruled the married woman *475 in executing with her husband a contract of guaranty "became liable for the debt of the corporation and not that of her husband." Consequently, that decision and the instant one, which involves Minnie Goodman's purported obligation for the debt of her husband, cannot be said to be in conflict.
The married woman in Springfield Co. v. Ely, 44 Fla. 319, 32 So. 892, supra, by an instrument in writing, neither witnessed nor acknowledged, pledged certain shares of stock to secure a debt of her husband. In the instrument which she signed the specific shares of stock were clearly described and it was stipulated that they were in the name of her husband as trustee but she was the beneficiary of such trust. The instrument expressly provided that she thereby authorized her husband to deposit said shares as collateral security for his note. This instrument was given as part of a transaction which reflected that the note represented the husband's personal indebtedness. This Court held that this instrument effectively subjected her separate designated property to her husband's debt.
In Chisholm v. Coconut Grove Exchange Bank, 144 Fla. 770, 198 So. 703, supra, the husband by endorsing a note of a corporation became liable to the payee for the payment of the note. His wife endorsed the note also. Pledged as security on the note were certain shares of stock owned by the wife. These shares were attached to and made a part of the note. This Court ruled that the husband by endorsing the note thereby in writing ratified and approved the pledge of securities as collateral. It then said, at page 704, 198 So., "and when Mrs. Chisholm endorsed the note she thereby, in writing, ratified the pledge of securities for payment of the note."
Thus, in both Chisholm and Springfield Co., supra, the wife's consent in writing to bind her personal property toward satisfaction of her husband's indebtedness was manifest. It was clearly expressed and the specific personal property was identified either in or as a part of the instrument which she signed.
The endorsement in the instant case did not constitute an express consent as did the instrument executed by the married woman in Springfield Co. No personal property of the wife was pledged and identified by this "instrument in writing" as it was in both Chisholm and Springfield Co.
In each of those two cases this Court ruled there was sufficient compliance with the provisions of Section 1, Article XI so as to subject to her husband's debt the personal property identified in or as part of the instrument which she executed. In neither did this Court in its opinion indicate that the consent extended to her separate property other than that so identified in her written instrument.
In this case, the married woman's endorsement does constitute an "instrument in writing" but such instrument in no way constitutes her consent to bind her separate property to the satisfaction of her husband's indebtedness. None of her separate property was pledged as collateral for his note and described in the note, or in some instrument made a part thereof. Thus, the instant decision cannot be said to be in conflict with either Chisholm or Springfield Co.
It also becomes apparent that the decision of this Court in Jette v. Harbison, 158 Fla. 418, 28 So.2d 858, supra, factually similar to the instant case (except that therein the married woman jointly executed the note with her husband and in this instance she endorsed her husband's note) is not in conflict with the cases mentioned.
There being no required conflict in decisions, the petition for writ of certiorari must be denied. As previously noted, the appeal must be dismissed because of lack of jurisdiction in this Court to entertain it.
It is so ordered.
ROBERTS, C.J., and THORNAL, CALDWELL and HOBSON (retired), JJ., concur.