153 So.2d 331 (1963)
FIRST NATIONAL BANK OF MELBOURNE, a national banking corporation, Appellant,
v.
Howard BERG, Jr., and Joline Berg, his wife, Appellees.
No. 3422.
District Court of Appeal of Florida. Second District.
April 19, 1963.
Rehearing Denied May 31, 1963.
*332 Harry Lee Coe, III, of Carr, Chiles & Ellsworth, Lakeland, and William H. Gleason, Melbourne, for appellant.
W.J. Vaughn, Melbourne, for appellees.
ALLEN, Acting Chief Judge.
Appellant, plaintiff in an action on a note executed by defendant Howard Berg, Jr., appeals a final judgment against defendant Howard Berg, Jr., but in favor of defendant-appellee Joline Berg. The sole question on appeal is whether the lower court erred in refusing to enter judgment against the wife on the separate debt of her husband.
On May 10, 1960, Joline and Howard Berg, Jr., executed a Guaranty Agreement with the appellant, First National Bank of Melbourne. The Guaranty Agreement did not contain any identification or description of any real or personal property to be made liable for the husband's debts. On May 31, 1960, Howard Berg, Jr., executed his note for indebtedness with appellant Bank. Thereafter, in suit upon that note, the court rejected appellant's contention that the Guaranty Agreement rendered Joline Berg liable on her husband's note and entered judgment in her favor. This judgment must be affirmed.
Article XI, Section 1, of the Constitution of Florida, F.S.A., provides:
"Separate property not subject to husband's debts. Section 1:  All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women."
Under this constitutional provision, the separate property of a wife can be made liable for a husband's debts only upon her consent, which must be in writing and must be executed according to the law respecting conveyances by married women appropriate for the conveyance of the class of property to which the consent relates. Springfield Co. v. Ely, 1902, 44 Fla. 319, 32 So. 892. *333 The consent must be clearly expressed and the specific property to be made liable for the husband's debts must be identified or described. Kovens v. Bluestone, Fla. 1962, 145 So.2d 473.
Appellant, conceding that the instrument in the instant case does not meet the aforementioned requirements, argues that the constitutional provision merely bars execution upon a judgment for the husband's debts when the constitutional formalities are not observed and does not bar entry of the judgment. This argument cannot be sustained.
In Drake v. March, 1914, 66 Fla. 598, 64 So. 268, the Supreme Court affirmed a refusal to enter a deficiency decree against a wife who had joined in a mortgage securing her husband's debts. Discussing the aforementioned constitutional provision as it relates to judgments against the wife on a husband's debt, the Court said:
"A personal decree or judgment against a married woman for her husband's debts cannot lawfully be enforced as against her separate property, real or personal, without her consent duly given as the Constitution requires, * * *."
Similarly, in Jette v. Harbison, 1947, 158 Fla. 418, 28 So.2d 858, the Supreme Court considered the question, "* * * whether or not a judgment secured by the payee on a promissory note executed * * * by the husband and wife may be satisfied by an execution against the wife's separate property," and answered in the negative. Although the exact phrasing of the question to include the phrase "secured by the payee" might be argued as indicating the possibility of securing but never satisfying the judgment, the procedural context from which the question arose refutes this argument. The question arose when, in the payee's action on the note, the wife demurred to the declaration, raising the bar of Article XI, Section 1. In this context, the Court's answer seems clearly to have barred judgment as well as execution.
The interpretation of Article XI as barring judgment as well as execution found in the Drake and Jette decisions, supra, was followed in Kovens v. Bluestone, Fla. App. 1961, 134 So.2d 547, cert. dismissed Fla. 145 So.2d 473, when the District Court of Appeal for the Third District affirmed a judgment for a debtor's wife in circumstances somewhat similar to those in the instant case.
The rationale of the decisions in the foregoing cases is readily apparent when the onerous effects of a judgment, even one which ultimately may not under the Constitution be satisfied, are considered. Entry of judgment against the wife would subject her and her property to burdens and potential harassment, both legal and extra-legal, all in contravention of the language of the Constitution that "All property, real and personal * * * shall not be liable * * *."
In considering the protection afforded a married woman's separate property, the spirit of the constitutional provision and not merely a narrow construction of its wording, must be considered. The Constitution should be interpreted so as to give effect to the intent of its adopters and to attain the objects sought by them. 6 Fla.Jur., Constitutional Law §§ 11-14. To attain the objects clearly intended in the adoption of Article XI, Section 1, judgment against as well as execution upon the wife's separate property must be barred.
Affirmed.
SMITH, J., and WHITE, JOS. S., Associate Judge, concur.