CALDWELL, Justice
(dissenting).
The only question involved is whether a wife, by her endorsement, with subscribing witnesses, of a promissory note evidencing the indebtedness of her husband may be held to have executed an instrument giving her consent to make her separate property liable for the debt, in the manner required by Fla.Const., Art. XI, § 1, F.S.A., and Fla.Stat. § 708.08, F.S.A., which prescribes *168 the requisites of conveyances by married women.
The three pertinent decisions[1] of this Court which bear upon the problem are not in harmony and the District Court holding in this cause does not accord with those of the Springfield [2] and Chisholm [3] cases.
In Jette v. Harbison,[4] where the wife’s endorsement was not witnessed and where it was not made to appear whether real or personal property'was sought to be made liable, this Court held such endorsement insufficient In the Springfield case,[5] there was am endorsement by the wife, supplemented by separate agreement, and the Court held the endorsement rendered the wife liable. In the Chisholm case,[6] this Court held the wife liable on a note endorsed by her evidencing her husband’s indebtedness and pledging certain of her personal property.
I see no material difference in principle between a wife’s endorsement of a note pledging specific property and one, as in this case, which does not so pledge.
It is my opinion that the endorsement of the note in controversy by Minnie Goodman must he construed as evidencing her consent that her property he made liable for her husband’s indebtedness. We must presume it was Mrs. Goodman’s intention to so consent, because, to hold otherwise, would be *169 to make a mockery of her endorsement and announce a rule of law which could, under appropriate circumstances, become a vehicle of fraud.
The decision of the District Court should be quashed.
ROBERTS, C. J., and HOBSON (Ret.), J., concur.

. Jette v. Harbison, 158 Fla. 418, 28 So. 24 858 (1947); Springfield Co. v. Ely, 44 Fla. 319, 32 So. 892 (1902); Chisholm v. Coconut Grove Exchange Bank, 144 Fla. 770, 198 So. 703 (1940).

. Springfield Co. v. Ely, 44 Fla. 319, 32 So. 892 (1902).

. Chisholm v. Coconut Grove Exchange Bank, 144 Fla. 770, 198 So. 703 (1940).

. 158 Fla. 418, 28 So.2d 858 (1047).

. 44 Fla. 319, 327, 32 So. 892, 894-895 (1902).
“This section does not in terms require the instrument in writing to be a deed or mortgage, nor does it require the husband to join in its execution, or give his consent to its execution by the wife, nor does it in terms require the instrument to be sealed, witnessed, or acknowledged. It simply requires the wife’s consent to be given by some instrument in writing executed according to the law respecting conveyances by married women. At the time of the adoption of the constitution married women could convey their separate statutory real property by deed under seal attested and acknowledged as required by the statute, provided the husband joined in such conveyance. * * * The section of the constitution under consideration is framed with reference to the laws respecting conveyances by marrid women of personal as well as real property, for both classes of property are expressly mentioned. The word ‘conveyance’ is used in a broad sense, including conveyances of both real and personal property. The convention in adopting and the people in ratifying that instrument, it must be assumed, had in mind the fact that certain formalities were required for the conveyance of married women’s real property that were not required for the conveyance of their personal property, and that the legislature possessed the power to change or alter the forms of and requisites for the conveyance of either or both at pleasure. The section under consideration, though dealing with both classes of property, and with the liability of both classes of property for the husband’s debts, simply requires the consent of the wife to be given by some instrument in writing; the instrument to be executed according to the law respecting conveyances by married women, whatever that law should be at the time the consent is given.”

.144 Fla. 770, 772, 198 So. 703, 704 (1940):
“When K. W. Ohisholm endorsed the note he became liable to the bank for the payment of it and he also thereby in writing ratified and approved the pledge of securities as collateral for the payment of the note and when Mrs. Chisholm endorsed the note she thereby, in writing, ratified the pledge of securities for payment of the note. The result was that she thereby ratified and endorsed the pledging of securities which constituted her separate property for the debt and obligation which her husband assumed by endorsing the note. * * *
“Under this state of facts, the wife’s separate property so pledged became liable for the debt of her husband under the provisions of Section 1, Article XI of the Constitution.”