PER CURIAM.
Plaintiff brought an action on certain promissory notes against the makers Leo Guillery and Bertha Guillery. When they signed the notes the defendants were husband and wife. Later, when suit was filed they had been divorced. Bertha Guillery defended by claiming the benefit of the provision of Article XI, section 1, of the Constitution of Florida, F.S.A., which renders the separate property of a married woman unavailable for application on the debts of her husband “without her consent given by some instrument in writing executed according to the law respecting conveyances by married women” [and her signatures on the notes here were not so formalized]. Her answer, and her affidavit *548 in support of a motion for summary judgment without contradictory evidence, represented that the obligations for which she signed the notes were those of her husband, incurred in his business, in which she had no part. We can not agree with the appellant in his contention that the showing of Bertha Guillery in this respect was insufficient, and we conclude that the trial judge was eminently correct in granting summary judgment in her favor. See Jette v. Harbison, 158 Fla. 418, 28 So.2d 858; Kovens v. Bluestone, Fla.1962, 145 So.2d 473; First National Bank of Melbourne v. Berg, Fla. App.1963, 153 So.2d 331.
Affirmed.