180 So.2d 349 (1965)
Margaret R. GALLION, Appellant,
v.
W.H. BELK, Jr., Appellee.
No. G-293.
District Court of Appeal of Florida. First District.
November 16, 1965.
Rehearing Denied December 14, 1965.
*350 Sturgis & Ritter, Ocala, for appellant.
Klein, Tannenbaum & McGovern, Miami, for appellee.
JOHNSON, Judge.
Appeal from a final judgment dismissing a complaint of the appellant wherein the relief prayed was an injunction against execution and levy upon the separate real and personal property of the appellant, on the ground that said property was not liable for her husband's debts.
It appears that the appellant, while married, joined in the execution of a promissory note with her then husband for $15,000, which note was endorsed by the appellee as a guarantor of the payment thereof. Upon default in the payment of said note, the payee sued the appellee as a guarantor of the note and collected judgment from him. He in turn, sued in assumpsit as guarantor, the appellant and her ex-husband, she having been divorced from him in 1959, and obtained judgment against them in 1961.
Execution was issued and levy made thereunder upon property of the appellant. The complaint was to enjoin this levy. Testimony was taken before the chancellor, and at the conclusion thereof, the chancellor ruled that the loan which was the original basis of the judgment was for a joint venture between the appellant and her then husband and that she was not entitled to the relief sought and dismissed her complaint. This is the order appealed.
The appellant's primary question on appeal is directed at the right to subject a wife's separate property to levy to satisfy debt against her husband. We agree that the cases cited by appellant, if they were applicable to the instant facts, would be a defense, but, the chancellor made a finding that the loan was for a joint venture, not just for the husband's debts.
The evidence shows that one item for which the borrowed money was used, was to redeem some separate property of the appellant from a mortgage, and therefore, this item alone was sufficient to sustain the chancellor's finding that the money borrowed was not for the husband's benefit alone.
The chancellor raised the question during the taking of testimony that appellant's defense that her separate property was not liable for her husband's debts should have been asserted at the time appellee was suing as guarantor. We agree with the chancellor, but doubt that such defense would have been effective, even then, in view of the purpose for which the original loan was made.
The appellant has not presented the entire record on this appeal and we are therefore compelled to presume that any finding of fact made by the lower court is correct.
Phillips v. Blum, 139 So.2d 459 (3rd DCA, Fla. 1962), Pan American Metal Products *351 Co. Inc. v. Healy, 138 So.2d 96 (3rd DCA, Fla.).
The order appealed is therefore affirmed.
RAWLS, C.J., and CARROLL, DONALD K.,J., concur.