WALDEN, Judge.
This appeal is from a final judgment entered against the defendant, Elizabeth C. Angle, in a suit upon a promissory note. This defendant signed the note simply as a maker along with her now deceased husband and another. She did not sign the note in accordance with the formalities required by law respecting conveyances by married women.
Her answer denied indebtedness saying the debt was that of her husband with all the borrowed funds going directly into her husband’s business. She pled that she is a widow and that any property held by her is her separate property and not subject to plaintiff’s claim under the provisions of Article XI, Section 1, of the Constitution of Florida, F.S.A.[1]
Trial was had before the court with this defendant, the only witness, supporting her answer. Judgment in favor of plaintiff was based on the court finding as a matter of law that defendant was an accommodation party making her primarily liable under the terms of F.S.A. § 674.32.[2] The trial judge further expressed the view that the case was governed by the principles of Furlong v. Leybourne, Fla.App.1962, 138 So. 2d 352. We believe this to be error and reversed.
F.S.A. § 674.32, supra, is clear in all its terms and we hold it inapplicable to the extent it would apply to a married woman claiming her constitutional protections for her separate property. The statutory law of negotiable- instruments, F.S.A. Ch. 674 et seq., must be read and interpreted with the thought in mind that constitutional rights, such as here asserted, take precedence and on occasion may even cancel its terms.
The case of Furlong v. Leybourne, supra, may be distinguished from the facts here present. There a widow and her deceased husband had executed a note and mortgage encumbering homestead property owned by the deceased with all the proceeds going to pay prior obligations of the deceased. The controversy was between the widow and her stepchildren as to liability for payment of the non-purchase money mortgage note. The widow owned a life estate and the stepchildren were remaindermen. The court dealt carefully with their rights to the homestead property, subrogation, and the *690 law as concerns an accommodation maker. However, the widow there did not make claim to separate property or assert her rights under Article XI, Section 1, Constitution of Florida, and thus it affords no light or precedent helpful to the instant case.
 Where a wife signs a promissory note for her husband’s debts, whether as co-maker, indorser, or guarantor, with the proceeds going into her husband’s business, her separate property is not subject to liability unless her consent is evidenced by an instrument in writing executed according to law respecting onveyances by married women. F.S.A.Const., Art. 11, Sec. 1, supra; Jette v. Harbison, 1947, 158 Fla. 418, 28 So.2d 858; Kovens v. Bluestone, Fla.1962, 145 So.2d 473; First National Bank of Melbourne v. Berg, Fla.App.1963, 153 So.2d 331; and Pilson v. Guillery, Fla. App. 1964, 168 So.2d 547.
Reversed.
ANDREWS, Acting C. J.; and STUR-GIS, WALLACE E., Associate Judge, concur.

. Art. XI, Sec. 1, Const, of Fla. Separate property not subject to husband’s debts. —All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law .respecting conveyances by married women.

. F.S.A. § 674.32. Accommodation party. —An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.