SPECTOR, Judge.
Appellant, plaintiff below, appeals from a final summary judgment entered in favor of the defendant in an action at law on a promissory note executed by the defendant and her husband. The latter was deceased when this action was instituted.
The plaintiff and defendant both filed motions for summary judgment. The Court denied the plaintiff’s motion and granted the defendant’s motion ruling that the defendant’s separate property is not subject to liability for the payment of the balance due on the note sued on because the debt evidenced thereby was the debt of the defendant’s husband alone and, further, that she did not sign the note in accordance with the formalities required by Article XI, Section 1, Florida Constitution, F.S.A.
The appellee and her husband both signed the note in question although arrangements for the loan were made by the husband alone. The latter had dealt with the bank for at least a decade prior to this occasion and was in a business partnership with one of the bank’s directors. As he had customarily done, the husband had submitted his personal financial statement to the bank a few months prior to the transaction under review which indicated a personal net worth in excess of $70,000, not including the value of his interest in the partnership business with the bank director. His earnings from that business were between $40,000 and $50,000 annually.
Among the husband’s listed assets was a home that he owned free and clear in which he and his children had lived with a prior wife. Its value was $30,000, and he had told the bank vice president when he was arranging for the loan that after selling it he would apply the proceeds from the sale toward payment of the note. Additionally, the husband pledged as collateral for the note some $25,000 worth of securities which he alone owned. Banking records in the file indicate that those securities were cross-pledged to other commercial loans. Several months after the loan was made, he did sell that house and received in part payment a second mortgage for about $7,000 which was taken in his name and his wife’s. This mortgage was assigned to the bank to further collateralize the note. The vice president of the bank acknowledged that he didn’t inquire into why the full sale price of the house had not been applied on the loan because Mr. Brantley was a good customer who had been doing business with the bank for some time.
The Brantleys maintained two checking accounts with the appellant bank. One was a joint account on which either could draw funds, and the other was in Mr. Brantley’s name only. On the day of loan closing, Mr. Brantley went by their residence and picked up his wife to take her to the bank where they both signed the note in question. The proceeds of the loan were deposited in the husband’s account. The wife had no power to draw on those funds; they were in his exclusive control. The same day he drew a check on his account in the amount of the loan and paid for the house, title to which was placed in his name and his wife’s, creating an estate by the entireties. No mortgage on the house was made to the bank by the Brantleys.
Appellant’s first point on appeal assigning as error the trial court’s refusal to impose an equitable lien or constructive trust on the house purchased with the proceeds of the *253 loan was stricken by this Court on appellee’s motion because appeal from the trial court’s order denying such relief with prejudice was not timely filed.
The remaining two points argued by appellant in effect contend that the trial court erred in ruling that the debt sued on was that of the husband’s only, since the wife also signed the note and the proceeds were used to purchase a house, title to which was taken in both names. In essence, the bank contends that it lent the money to both the appellee and her now deceased husband. To support this contention, the bank points to two facts as to which both parties are in agreement. First, she signed the note; second, the proceeds of the loan were used to buy a house in the husband’s and wife’s names.
The law of Florida relating to the liability of a married woman’s property for the debts of her husband is explicitly set forth in Article XI, Section 1 of the Florida Constitution, which provides:
“Separate property not subject to husband’s debts- All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women.”
In First National Bank of Melbourne v. Berg, 153 So.2d 331 (Fla.App. 2d 1963), it was held that the subject constitutional provision goes beyond serving as a bar only to execution on a married woman’s property but extends to and bars the entry of a judgment against her for the debts of her husband. This Court, speaking through the late Judge Sturgis in Waechter v. General Mills, Inc., 181 So.2d 204 (Fla.App. 1st 1965), quoted with approval a portion of the Second District Court’s opinion in Berg, supra, at page 211, to the effect that:
“To attain the objects clearly intended in the adoption of Article XI, Section 1, judgment against as well as execution upon the wife’s separate property must be barred.”
Appellant’s reliance upon the execution of the note by the wife as the basis for her liability cannot stand. In Jette v. Harbison, 158 Fla. 418, 28 So.2d 858, the Supreme Court having before it the construction of Article XI, Section 1, observed:
“It is contended that to all intents and purposes, the note in question made the wife and her property liable for the debt in question.
“We do not think there is any merit to this contention. Section 1, Article XI of the Constitution sets out in terms the requirement necessary to bind the property of a married woman to pay her husband’s debt. It cannot be done by a plain promissory note but must be done by an instrument in writing, executed according to the law respecting conveyances of married Women.”
In Kovens v. Bluestone, 134 So.2d 547 (Fla.App. 3d 1961), it was similarly held that a wife’s liability for her husband’s debt cannot be predicated upon an endorsement by her of his note. Thus, it appears that if liability upon a married woman is to be imposed for a debt which was her husband’s, such liability must rest on some circumstance other than her bare signature on an instrument unless her signature was affixed to the instrument in accordance with the constitutional requirements. That such formalities were not resorted to in the instant case is agreed by both parties. The trial judge’s ruling that the note sued upon represented the debt of the husband rather than the appellee wife is in no way shown to be erroneous by a mere reference to her signature on the note. An actual showing of consideration flowing to the wife must be shown and such showing was not made by reference to the signing of the note by her. The evidence considered by the lower *254 court was to the effect that she joined her husband in the signing of the note a.nd she believed that the proceeds of the loan were to be used to purchase a home and the money actually was used for such purpose. But the evidence does not show that she ever had control of any of the money lent. It was deposited not in the joint account in which she had equal rights with her husband ; rather, it was placed in his exclusive control by deposit in his individual account. He was under no obligation to the bank to use the money for any given purpose. He had the power to draw on the account for any purpose he wished, whether his wife agreed to such purpose or not. That he later did use the money for a purpose in which she was agreeable does not alter the legal relationship between her and the bank at the time she signed the note and the money was credited to the husband’s account. Insofar as her legal obligation to the bank is concerned, we can see little difference between the use of the money by the husband to purchase a home to be owned jointly by them, an admittedly laudable purpose, and the husband’s use of the money in another manner as to which the wife might be adamantly opposed. When the record on appeal is searched for evidence of appellee’s indebtedness to the appellant, omitting her signature on the note as is required to be done by the rule pronounced in Jette v. Harbison, supra, the conclusion is inescapable that the money was lent to the husband and not to the appellee wife.
Appellant relies heavily upon this Court’s decision in Gallion v. Belk, 180 So.2d 349 (Fla.App. 1st 1965). However, the instant case is distinguishable from Gallion in that there the husband and wife were engaged in a joint venture in partial furtherance of which the note sued on was given, with some portion of the funds also being used to redeem from a prior mortgage some separate property of the wife.
The remaining circumstance upon which appellant relies to show that appellee is indebted to it is that the proceeds from the loan were actually used to purchase a home, title to which was taken in the name of appellee and her husband as an estate by the entireties. In considering the merits inherent in this circumstance, it seems to us that they are inextricably interwoven with appellant’s contention that it is entitled to an equitable lien or constructive trust on the property purchased. Appellant’s contention in this regard, however, was decided adversely to it below on the authority of Bunn v. McAdams, 38 Wyo. 400, 267 P. 514, 60 A.L.R. 1233, and the cases annotated beginning at page 1240, and no timely appeal was made on the lower court’s decision on the point.
Having approved the trial judge’s ruling that the debt here sued upon was not the debt of the appellee wife, but rather that of her husband, it follows that judgment in favor of the appellee was correctly entered. Angle v. Crow, 184 So.2d 688 (Fla.App. 4th 1966), and Pilson v. Guillery, 168 So.2d 547 (Fla.App. 3d 1964).
Affirmed.
WIGGINTON, Chief Judge; and JOHNSON, J., concur.