DREW, Justice.
The appeal in this case is from an interlocutory order denying a motion by the *831 defendant DeLong, appellant in this Court, to strike an application for a deficiency decree in a mortgage foreclosure proceeding.
Suit was instituted by appellees to foreclose a purchase money mortgage securing a note executed by appellant and her husband, defendants, in payment for real property conveyed to defendants, husband and wife. Following foreclosure sale of the mortgaged property, application was made for a deficiency decree in an amount representing the balance due on the defendants’ note together with foreclosure costs and expenses.
We agree with the conclusion below, on motion to strike this application, that Sec. 1 of Article XI[1] of the Florida Constitution, F.S.A. is irrelevant because the debt involved in this proceeding is not that of appellant’s husband but instead is her joint obligation, given in exchange for a conveyance of property to her and her husband. In these circumstances the operation of a business by appellant’s husband on the premises does not affect the joint debt of the parties.[2]
Section 2[3] of Art. XI simply defines a limited equitable charge granted to provide some remedy against a married woman’s property even prior to enactment of F.S. Sec. 708.08, F.S.A. Cases [4] construing Article XI before the effective date of Sec. 708.08 are not authority, of course, for appellant’s contention that deficiency proceedings in the present case should be similarly limited, nor do they indicate any collision between the law and constitutional provisions.
The court below correctly found that appellant’s mortgage note constituted an independent obligation the enforcement of which is unaffected by the constitutional language.
Affirmed.
ROBERTS, Acting C. J., and THOR-NAL, ERVIN and ADAMS, JJ., concur.

. “§ 1. Separate property not subject to husband’s debts. All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women.

. Cf. Waechter v. General Mills, Fla.App.1965, 181 So.2d 204. Amer. Nat’l Bank of Jacksonville v. Brantley, Fla.App., 204 So.2d 251, cert. den.

. “§ 2. Equitable charges, sequestration; debts. A married woman’s separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent.”

. Phare v. Randall, 1929, 97 Fla. 858, 122 So. 217; Blood v. Hunt, 1929, 97 Fla. 551, 121 So. 886.