MANN, Judge.
Mr. and Mrs. Playford jointly executed a note to the Industrial Savings Bank of St. Petersburg and received a check from the bank for the loan proceeds, made out to them jointly. They jointly endorsed this check in favor of George M. Nicholson, Agent, who apparently applied this amount to the purchase by Mr. Playford of Mr. Nicholson’s controlling shares in the Industrial Savings Bank. The trial court granted summary judgment to Mrs. Playford on the ground that the debt was her husband’s, and that she had not obligated herself for payment of her husband’s debt with the formality required by law.
The debt was not his, but theirs. The appellant here stands in the position of the bank which made the loan. Certainly a bank making a loan to husband and wife jointly and issuing its check to them jointly need not intrude offensively into the disposition of the loan proceeds in order to make sure that a note signed by husband and wife is valid. Florida Statutes Section 708.08 (1967), F.S.A. gives the wife the right to obligate herself on a note as if she were unmarried. In First National Bank of Melbourne v. Berg, 153 So.2d 331 (Fla.App.1963) the note was the husband’s obligation. In Pilson v. Guillery, 168 So.2d 547 (Fla.App.1964) there was an antecedent obligation of the husband for the satisfaction of which the wife joined in the execution of a note which the Third District Court of Appeal held invalid against her separate property. In American National Bank of Jacksonville v. Brantley, 204 So.2d 251 (Fla.App.1967), the bank deposited the loan proceeds in the husband’s account, so the wife never had control over them although she had joined in the note. The wife was held liable in Gallion v. Belk, 180 So.2d 349 (Fla.App.1965) on a finding that the purpose of loan was joint.
Where by clear law the wife is entitled to obligate herself, it seems to us that she should not later be allowed to disavow the obligation without some stronger showing than that the husband later used the money loaned them jointly for his own purposes. The bank took the necessary step to place the loan proceeds in the hands of both parties. If the note it holds is invalid in this case Section 708.08 is meaningless.
*586 This may be the last case of reliance on the old feudal remnant which was Section 1 of Article XI of our lately discarded constitution. Women have not been chattels for centuries, but men have been a long time admitting it. Not until 1920 did women win the constitutional right to vote. Today women are widely regarded as people, as persons, as human beings whose legal and political rights are now so generally conceded that the Legislature submitted the following, which has become Article X, Section 5 of the Constitution of 1968:
“There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal ; except that dower or curtesy may be established and regulated by law.”
Over a century has passed since William Ross Wallace wrote that “the hand that rocks the cradle is the hand that rules the world.” The ceremonial incantation of this line against a rising tide of support for women’s rights has, we suspect, been prompted by the unspoken hope that the hand that rocks the cradle would not also rock the boat. But women began to demand a more direct involvement in the management of mankind’s affairs than the nurture of the next generation provides, as important as that is.
Women’s rights are accompanied by responsibilities, one of which is the payment of notes executed jointly by husband and wife, the proceeds of which are paid in good faith by the lender to both borrowers. We think this the clear meaning of Section 708.08 of our statutes.
Reversed and remanded.
PIERCE, A. C. J., and ALLEN, J. (ret.), concur.