SWANN, Judge.
The defendant below, Maxine Sanson Turek, seeks review of an order which granted a summary judgment to the plaintiff, The First National Bank at Orlando, for $95,249.92 and a subsequent order which awarded fees to the attorneys for the Bank. The appeals have been consolidated.
This action began when the Bank sued the defendant, formerly Maxine Sanson [now Maxine Sanson Turek], on promissory notes signed by the defendant and her deceased husband, Stanton Sanson, as co-makers. Both parties ultimately moved for summary judgments. The plaintiff Bank was granted a summary judgment and later awarded attorneys’ fees and the defendant seeks reversal of these orders.
She claims that she did not execute the promissory notes with the formalities required of her under Article XI, Section 1, of the Florida Constitution of 1885, F.S.A.; that she did not pledge any of her separate property as security for the loans; that she received no consideration or proceeds from the Bank’s loans to her husband; that she never had control over the monies received by her husband from the Bank loans and had no idea what her deceased husband did with the proceeds of the loans. She argues that the facts conclusively establish that she should recover a summary judgment as a matter of law citing: Jette v. Harbison, 158 Fla. 418, 28 So.2d 858 (1947); American Nat. Bank of Jacksonville v. Brantley, Fla.App.1967, 204 So.2d 251; Angle v. Crow, Fla.App.1966, 184 So.2d 688; Pilson v. Guillery, Fla.App.1964, 168 So.2d 547; First Nat. Bank of Melbourne v. Berg, Fla.App.1963, 153 So.2d 331; and Kovens v. Bluestone, Fla.App.1961, 134 So.2d 547.
She alleges error when the trial court subsequently entered its order awarding attorneys’ fees to the Bank’s attorneys based solely on affidavits. This order was entered over her objection that a hearing with testimonial proof and cross-examination was required before an award of such fees.
The Bank argues that the promissory notes were issued as a result of Stanton and Maxine Sanson, requesting an open, joint line of credit and presenting to the Bank their joint financial statements. The notes, it says, evidenced a joint indebtedness to the Bank, and since this was a joint obligation, the remarried widow and her separate property were, and are, personally liable. It relies on DeLong v. Larkin, Fla.1968, 208 So.2d 830; Federal Deposit Insurance Corporation v. Playford, Fla.App.1969, 217 So.2d 584; and Gallion v. Belk, Fla.App.1965, 180 So.2d 349. The Bank advances other arguments to support an affirmance of these orders.
Notwithstanding the able argument of counsel for both parties we are unable to agree, on the state of this record, that either party would be entitled to a summary judgment at this stage of the proceedings.
We conclude that there are factual conflicts which preclude a summary judgment. The record at this stage indicates, among other things, that the facts have not conclusively established that the defendant did not receive or have some of the proceeds of the loans deposited to her account.
We do not say that these are the facts or that they may ultimately be proven. We hold that it has not conclusively been established that there are no material issues of genuine fact remaining to he tried in this cause and that summary judgment is, therefore, precluded. See Visingardi v. Tirone, Fla.1966, 193 So.2d 601; Holl v. Talcott, Fla.1966, 191 So.2d 40.
We, therefore, reverse and remand the summary judgment for the plaintiff Bank. Since we have reversed the summary judgment, the award of attorneys’ fees to the plaintiff Bank was premature and inappropriate and that order and award must also be reversed. Cf. Boyette v. Reliable Finance Company, Fla.App. 1966, 184 So.2d 200; Lyle v. Lyle, Fla.App.1964, 167 *421 So.2d 256; Siciliano v. Hunerberg, Fla.App.1961, 135 So.2d 750.
The orders herein appealed are reversed and this cause is remanded to the trial court for further action consistent herewith.
s,It is so ordered.