PER CURIAM.
The plaintiff, William P. Heinl, filed a complaint in the Circuit Court for Brevard County, Florida, against five defendants: Fulmer-Vance, Inc., Eloise Fulmer, Charles Vance, Charlotte Vance, and 5th Avenue Drug, Inc. The action sought to recover rents owed to the plaintiff as lessor on two separate leases, copies of which were attached to the complaint.
The plaintiff alleged that he entered into the leases with defendant Fulmer-Vance, Inc., but also alleged that Fulmer-Vance, Inc. was a partnership wherein Charles Vance and M. H. Fulmer were the principal partners. The execution clause of each lease appears in the following form:
"IN WITNESS WHEREOF, the parties have hereunto set their hands and seals In duplicate the day and year first above written.
WITNESSES: W. P. Heinl_(Seal)
* * * Ethel I. Heinl (Seal)
Lessors
Attest:

FULMER-VANCE, INC.
By: M. H. Fulmer, Pres.
(corporate seal)
INDIVIDUAL SIGNATURES GUARANTORS
WITNESSES: /%/ M. H. Fulmer_(SEAL)
* * * M. H. Fulmer, Individually
/s/ Eloise Fulmer_(SEAL)
Eloise Fulmer, Individually
/s/ Charles Vance_(S EAL)
Charles Vance, Individually
/%/ Charlotte Vance_(SEAL)
Charlotte Vance, Individually "
Under Counts I and II of the complaint the plaintiff alleged that the defendants Charles Vance, Charlotte Vance and Eloise Fulmer were guarantors of the lease. The defendants’ answer admitted that the plaintiff entered into leases with Fulmer-Vance, Inc., but denied all other allegations.
Depositions were taken of the plaintiff, and defendants Eloise Fulmer and Charles Vance. The plaintiff testified that the leases in question were with the Vances and Fulmers as individuals and not with any corporation.
Defendant Eloise Fulmer testified that she had no knowledge of the corporation known as Fulmer-Vance, Inc., but indicated that she, her husband, and the Vances operated a drug store on the leased premises as a partnership.
Defendant Charles Vance testified that he had no knowledge of Fulmer-Vance, Inc. and when asked about the leases in question, he said that he thought they were a guarantee of a bank mortgage in the amount of $60,000. He indicated that he and Mr. Fulmer formed 5th Avenue Drug, Inc., and that it was to occupy the leased premises and pay the rent. However, he did not know by what right 5th Avenue Drug entered into possession of the leased premises.
A summary final judgment was entered by the trial court on 29 October 1969 in favor of defendants Charlotte Vance and Eloise Fulmer, but denied as to defendant Charles Vance. The plaintiff appeals from this judgment.
With the case in this posture there are apparently two significant issues of law. Assuming the defendants Charlotte Vance and Eloise Fulmer signed the leases as guarantors, the first issue is whether or not the language which they subscribed was a sufficient memorandum to meet the Statute of Frauds, Section 725.01, F.S. 1957, F.S.A. The second question is whether or not, because of the allegations in paragraphs 3 and 13 of the complaint that Fulmer-Vance, Inc., was in fact a partnership in which the principal partners *283 were Mr. Fulmer and Mr. Vance, the signatures of the wives to the leases actually amounted to an agreement to stand liable for the debts of their respective husbands and, if so, whether such agreement complied with Article XI, Section 1, Florida Constitution of 1885, F.S.A.
Taking the questions in reverse order, we fail to see how the naked allegations in the complaint coupled with the language of the leases could conclusively demonstrate an agreement on the wives’ part to stand liable for the debts of their husbands. The leases on their face appear to be leases to a corporation called Fulmer-Vance, Inc., and the wives signed as apparent guarantors of the corporate obligation. If it is assumed that the wives were undertaking to stand liable for the debts of their husbands, their signatures on the leases probably were not a sufficient consent to comply with Article XI, Section 1, of the Florida Constitution of 1885 which provided that a wife’s separate property could not be attached for the debt of her husband, unless she executed a written consent in the manner required by law for the execution of deeds. Case law interpreting this article has held that a consent must be clearly expressed. See First National Bank of Melbourne v. Berg, Fla.App.1963, 153 So.2d 331, and Kovens v. Bluestone, Fla.1962, 145 So.2d 473. But the fallacy of the above is that it does not appear from the pleadings and depositions that the wives, beyond factual issue, intended to guarantee their husbands’ debts. They may have intended to guarantee a corporate obligation, i. e., that of Fulmer-Vance, Inc., in which event Article XI, Section 1 would have no application. See Continental Can Co. v. Lee Co., Fla.1949, 40 So.2d 783.
Next we consider whether or not the writing at the end of the leases was sufficient to satisfy the Statute of Frauds (§ 725.01, F.S.1957, F.S.A.) in effect at the time the leases were signed. It is our opinion that the phrase “Individual Signatures Guarantors” which appeared at the foot of the leases and was followed by the signatures of the individual defendants was, when considered in connection with the lease documents as a whole, a sufficient written memorandum to meet the statute of frauds insofar as the statute relates to promises to stand liable for another’s debt.
For the foregoing reasons we conclude that the trial court erred in granting the summary judgment for the defendant wives. Accordingly, the judgment is reversed and the cause remanded for further proceedings.
Reversed.
REED, C. J., WALDEN, J., and WILLIAMS, ROBERT L., Associate Judge, concur.