ADKINS, Justice.
This is an appeal from a final judgment of the Civil Court of Record of Hillsborough County, Florida, which initially and directly construed controlling provisions of the Florida Constitution. We have jurisdiction. Fla.Const. art. V, § 4(2), F.S.A.
This is a suit brought by the Hospital & Welfare Board of Hillsborough County, Florida, against the husband, Liston G. Hallman, the wife, Helen Hallman (appellant herein), and nonappealing guarantor, James L. Freeman. The husband was hospitalized during July and August 1969. The defendant Freeman signed a “guarantee at time of admission” when the husband was admitted to the Tampa General Hospital. At the time of the discharge of the husband from the hospital, the defendant-appellant wife signed a note payable to the plaintiff. The trial judge found that the wife did not receive any money, medical services, hospitalization or medicines from the plaintiff and that she signed the promissory note solely to guarantee payment of the indebtedness owed by her husband for hospitalization, medicines and services furnished to him by the plaintiff.
As a defense, the wife alleged the debt was that of the husband and she had never consented that her separate property be held liable for the payment of her hus *670 band’s debt with any instrument in writing executed according to the law respecting conveyances by married women as required by Fla.Const. (1885), art. XI, § 1, F.S.A., which, she says, is now statutory law under Fla.Const. (1968), art. XII, § 10, F.S.A.
The trial judge concluded that Fla.Const. (1885), art. XI, § 1, F.S.A., was repealed by Fla.Const., art. X, § 5, F.S.A., and that the defendant wife should be held liable on the promissory note. We agree.
Fla.Const. (1885), art. XI, § 1, F.S.A., read as follows:
“All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women.”
Fla.Stat. (1967) § 708.02, F.S.A., contained the same provisions as the above-quoted portion of the Constitution.
Fla.Const. (1968), art. X, § 5, F.S.A., reads as follows:
“There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal; except that dower or curtesy may be established and regulated by law.”
The defendant wife says that the Court in construing Fla.Const. (1885) held there was no distinction between married women and married men in the holding, control, disposition or encumbering of their respective property, and cites Jette v. Harbison, 158 Fla. 418, 28 So.2d 858 (1947), and Kovens v. Bluestone, 145 So.2d 473 (Fla.1962). She says that any distinctions that did exist were by virtue of statute. Therefore, the wife reasons, there has been no change in the requirement that a married woman’s separate property may be liable for the debts of her husband only through her consent by some instrument in writing executed according to the law respecting conveyances by married women and married men.
Fla.Const. (1968), art. X, § 5, F.S.A., clearly provides that there shall be no distinction between married men and married women in encumbering their property, both real and personal. The people of our State, in adopting this provision, recognized that married women had assumed a position of prominence in the daily marketplace, so the legal shackles which hindered the progress of married women in the business world should be removed. In removing the shackles it was also necessary to lower the protective wall immunizing married women from various causes of action, for freedom of activity carries with it many responsibilities. It is inconsistent to say that the distinction between married women and men in encumbering their property is removed and, at the same time, hold that a married woman may be held liable for the payment of her husband’s debt only if she executes an instrument in writing according to the law respecting conveyances by married women. This inconsistency was recognized by the Legislature when Florida Laws, Chapter 70-4 was enacted. The title to this law stated, inter alia, that it was an act “conforming the general law of the state to Section 5 of Article X of the State Constitution, which abolishes the distinction between the property rights of married men and women.” Florida Laws, Chapter 70-4, by expressed provision, repealed Fla.Stat. (1967) § 708.02, F.S.A., mentioned above, and which read as follows:
“All property, real and personal, of a wife, owned by her before marriage or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed ac *671 cording to the law respecting conveyances by married women.”
We hold, therefore, that the provisions of Fla.Const. (1968), art. XII, § 10, F.S.A., are inconsistent with and therefore supersede the provisions of Fla.Const. (1885), art. XI, § 1, F.S.A. See In re Estate of McGinty, Fla., 258 So.2d 450, opinion filed December 1, 1971.
The judgment of the trial judge is affirmed.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.