HENDRY, Judge.
Appellant-plaintiff Dorothy L. Stockett, the former wife of Joseph H. Stockett, seeks review of an order which dismissed Count I of her complaint wherein she attempted to present an action for intentional infliction of emotional distress. The order appealed also granted summary judgment for appellee-defendant Beneficial Finance Company of South Miami on Count II of her complaint which alleged libel.
The complaint alleges that on June 26, 1962, her then husband, Joseph H. Stockett, borrowed $600.00 evidenced by a promissory note of that date signed by her husband and herself — he as maker and she as accommodation maker, but without the formalities needed to bind her separate property. The complaint next alleges their divorce on June 25, 1965.
The complaint continues by stating that in 1970 an agent of Beneficial Finance requested her to pay the note. She replied it was a debt of her former husband alone, but that in 1971 allegedly threatening telephone calls were made by Beneficial Finance’s agent. In addition, a letter about the debt was sent to her employer.
During the pendency of the action Beneficial Finance filed a request for admission that a certain promissory note was genuine and the signature on the note was hers. She declined to answer the request for admissions. The written signatures were in this form:
"Witness /s/ H. J. Caine X/s/ Joseph H. Stockett (SEAL)
Witness /s/ Betty Brown X/s/ Dorothy Stockett (SEAL)
Witness (SEAL)"
Therefore, under Rule 1.370, Florida Rules of Civil Procedure, 30 F.S.A., these matters are deemed to be admitted.
To begin with, the allegations of Count I in the complaint reveal that the acts complained of are less offensive than the collection practices of Sacco v. Eagle Finance Corp. of North Miami Beach, Fla. App.1970, 234 So.2d 406, which case, inter alia, affirmed an order granting a directed verdict as to a count alleging intentional infliction of severe emotional distress.
The trial court was correct in, granting defendant’s motion .to dismiss Count I for failure to state a cause of action.
As to the Count II, it appears from the face of the note that: “FOR VALUE RECEIVED, the undersigned jointly and severally promise to pay the Lender . ” The note also contained the signatures executed in the manner reproduced above.
The plaintiff asserts that she has a defense to the note; see: Angle v. Crow, Fla.App. 1966, 184 So.2d 688. That may well be, and as to that point we decline to express any view. However, for reasons of her own she may fail or choose to refrain from exercising a real or personal defense to the note.
In reviewing the record, briefs and argument of counsel as to the order granting a summary judgment in favor of defendant in plaintiff’s count asserting a cause of action for libel, we conclude that the trial court did not err in entering the summary judgment. See Federal Deposit Insurance Corporation v. Playford, Fla. App.1969, 217 So.2d 584, and Weaver v. Beneficial Finance Company, 200 Va. 572, 106 S.E.2d 620, 625 (1959); cf. Tip Top Grocery Co. v. Wellner, 135 Fla. 518, 186 So. 219.
Affirmed.