**CENTRAL TRUST CO. v. MANLY et al.***

**No. 8687.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1939.

Frank L. Butts, of Miami, Fla., for appellant.

T. G. Futch, of Leesburg, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

*Rehearing denied Feb. 24, 1939.

993

SIBLEY, Circuit Judge.

Central Trust Company, as administrator of Ray C. Teter in the District Court of the United States, sued J. D. Manly and Charles B. Ledbetter, Jr., at law for a balance on three notes dated Leesburg, Florida, Nov. 19, 1928, and payable at a bank in Leesburg, "to the order of bearer", and signed by Emeralda Groves, Inc., by J. D. Manly, President. It was alleged that Manly and Ledbetter "indorsed" the notes and they were delivered to Teter. The defendants Manly and Ledbetter pleaded that Emeralda Groves, Inc., delivered the notes to Teter as part of the purchase price for certain lands in Florida, and that they were indorsed by these defendants before delivery thereof to Teter, and that the notes were secured by a mortgage upon the land so purchased; that the plaintiff administrator had foreclosed the mortgage by proceedings in chancery in a State court of Florida, and had sold the land, buying it in itself, and after crediting the proceeds the court had decreed that there remained due the plaintiff from the maker only $1,800, which the defendants tendered into court. Demurrer to this plea was overruled, and issue was joined on it. The decree was put in evidence with the full proceedings in which it was rendered, and the tender was conceded, whereupon the judge directed a verdict for the defendants in accordance with the tender. These rulings are assigned as error.

The point made is that Manly and Ledbetter were not parties to the State court decree, and that it adjudged nothing about their liability as *indorsers, and since they are not bound by it they cannot found an estoppel upon it. The case of Reves v. Younghusband, 101 Fla. 165, 133 So. 618, is cited as holding that under the Florida statutes touching deficiency decrees an indorser cannot be a party, and is not bound, and is to be separately sued at law on his contract of indorsement. We are also referred to Section 6825, Comp.Gen.Laws Fla. of 1927, which reads: "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." This provision was enacted in 1897 as part of a negotiable securities Act.

The Younghusband Case was a case of mortgage foreclosure in which a deficiency decree was entered against the mortgagor and against Fort Pierce Bank & Trust Co.

The Bank was the original payee and had negotiated the note and mortgage to Younghusband, and was liable as a technical indorser. It was held that though Chap. 12325 of the Acts of 1927 touching deficiency decrees was passed since the note was made and negotiated, it affected only the remedy and not the rights of the several parties, and was to be followed though it abolished the right to take a deficiency decree against an indorser which had existed previous to 1927. The remedy by suit at law against the indorser was said to be still available, but the deficiency decree against him was erroneously entered.

The present notes and mortgage were made in 1928 while the Act of 1927 stood unchanged. There was no negotiation of them, for Teter was the first holder and Manly and Ledbetter had put their names on it as accommodation indorsers before it was delivered. They were actually sureties and not indorsers under the law merchant, and were known so to be by everyone concerned. In Scott v. National City Bank of Tampa, 107 Fla. 810, 139 So. 367, Scott, who had indorsed without consideration a note executed ten years after 1897, was held to be a surety, and to have the rights of such, the paper being still in the hands of the original payee who knew the facts. We take this to mean that the law that an accommodation indorser is a surety stands unchanged by Section 6825 as between the original parties to the paper who know he is such. No question of protest and notice was there or is here passed on.

In 1929 the Act of 1927, c. 11993, was changed by adding a proviso which applies only to cases of purchase money mortgages where the seller has on foreclosure bought the property back as in this case; and it now reads thus: "In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency, provided no suit at law to recover such deficiency shall be maintained against the original mortgagor or mortgagors in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against

the original mortgagor, or mortgagors." Acts Fla.1929, c. 13625.

Under this proviso it is held that an election is given the mortgagee for purchase money, after buying in the property, either to get a deficiency decree or to sue at law for the deficiency, but if he elects to ask a deficiency decree and the court in its sound legal discretion grants one for any amount, his remedy, if aggrieved, is by appeal, and he cannot sue at law but is bound by the equity decree. Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 So. 569, 570, 135 So. 795. In that case the debt was fixed by the foreclosure proceeding at $1,058,044. The mortgagee, who was the original vendor, bought the property back for $150,000, and the deficiency decreed was only $50,000. This deficiency decree was held to defeat an action at law for the deficiency as fixed by the sale price because of the proviso of 1929, and the proviso was held validly applicable although the note and mortgage were executed in 1925.

■ In the present case the facts named in the proviso exist. The mortgagee, after buying back the property he had originally sold to the mortgagor, comes into the chancery court and sets up the insufficiency of the proceeds of the sale to pay what had been found due and "moves the court to enter herein a decree in favor of the complainant against the defendant, Emeralda Groves, Inc., adjudging the amount of such deficiency to be paid the complainant by said defendant, and ordering that execution be issued therefor." The Chancellor, reciting the very facts that make the proviso applicable, signed a decree: "It is therefore adjudged and decreed by the court that the complainant have and recover the sum of $1,800 for such deficiency, together with interest thereon from the date of the Master's sale, and that the c o m p l a i n a n t have execution thereon against the defendant Emeralda Groves, Inc." This was a final decree upon the merits, and was not appealed from. Sometime later, upon a report of the Master which showed, as a preceding report had showed, that the proceeds of the sale less costs and expenses when deducted from the amount of the debt left $12,336 and not $1,800, the Chancellor approved the report. This in no manner altered or affected the deficiency decree. How the Chancellor reached the conclusion that $1,800 was the proper amount to be decreed we do not know. If there was error or abuse of discretion in fixing that amount, it ought to have been remedied by appeal. The mortgagee, having elected a remedy by deficiency decree, and having acquiesced in it, had no further remedy against the mortgagor touching the deficiency by action at law either in a State or a federal court.

■ The proviso, however, goes no further than to say that no suit at law shall thereafter be maintained against the original mortgagor. The present action is against accommodation indorsers who were not even parties, and who under Florida law could not probably be parties to the foreclosure. As to these indorsers there has been no election of remedies. The first and only remedy against them is now sought. But the deficiency decree has finally and fully fixed the balance owing by the mortgagor, the maker of the notes, and these indorsers who are really sureties can owe no more. Their obligation as held in the case of Scott v. National City Bank of Tampa, supra, is not upon any separate contract of indorsement, but as respects the creditor is a liability with the maker upon the notes themselves, and as respects the maker they are sureties entitled to reimbursement from the maker for all they are forced to pay. They as sureties are entitled to use as a defense a favorable judgment as to the amount of the debt which the maker has won against the creditor, just as they would be to use any other defense not purely personal which the maker might have. United States v. Allsbury, 4 Wall. 186, 18 L.Ed. 321; Maine C. R. Co. v. National Surety Co., 113 Me. 465, 94 A. 929, L.R.A.1916A, 881; 21 R.C.L., Principal and Surety, § 130; 50 C.J., Principal and Surety, §§ 150, 329. The demurrer to the plea was properly overruled and the verdict was properly directed.

Judgment affirmed.