HENDRY, Judge.
This is an appeal from a summary final judgment entered in favor of the defendant in the court below.
The facts in the case are not in dispute. On February 18, 1960 one Irving Katz executed and delivered to the plaintiff, Central Bank and Trust Company his promissory note in the amount of $10,000 payable on April 18, 1960 at the bank. Pri- or to delivery to the plaintiff, the defendant, Herman H. Meltzer, endorsed the back of the note as an accommodation endorser. At the time of the execution of the note, the maker, Irving Katz, had certain funds on deposit with the plaintiff. The provisions of the note and the deposit contract which Irving Katz had signed, gave the plaintiff the right to apply the funds on deposit against this debt.
On April 18, 1960, the due date of the note, Irving Katz had $27,271.33 on deposit with the plaintiff. Subsequently, Irving Katz withdrew all of his funds from his account.
Thereafter, plaintiff sued defendant, as accommodation endorser, for the unpaid' balance of $9,000 together with interest, costs and reasonable attorney’s fees.
The defendant, in his amended answer, set forth the defense that the plaintiff bank’s failure to apply the funds of 'the maker on deposit with it at maturity against the obligation of the maker to the plaintiff, discharged the defendant endorser from all liability under said note.
The plaintiff moved for a summary final judgment but the trial court entered a summary final judgment in favor of the defendant on the theory that under § 675.04, Fla. Stat., F.S.A.[1] the plaintiff was required to apply the funds of the maker on deposit with it against his obligation on the note.
The sole issue presented by this appeal is whether the accommodation endorser of a promissory note payable to and at a bank is relieved of liability by the failure of the bank to apply against the note funds on deposit with it at maturity in the account of the maker which the bank had a right to so apply.
We hold that the defendant, as an accommodation endorser, was not relieved of liability by the failure of the plaintiff bank to apply the deposited funds against the note payable to it.
We join with the parties in candidly admitting that there is good authority, out *768 ■side this state in support of both positions. However, since our state has already committed itself to the plaintiff’s position it is unnecessary for us to refer to the other authorities.
In Camp v. First Nat. Bank of Ocala, 44 Fla. 497, 33 So. 241, our Supreme Court, faced with an almost identical factual situation, decided that the bank had a right, but was not obligated, to apply the funds on deposit in satisfaction of the note. The court said at page 243 of 33 So.:
“A bank becomes the absolute owner of money deposited with it to the general credit of a depositor, in the absence of any special agreement importing a different character into the transaction, and the relationship between the parties is simply that of debtor and creditor. Collins v. State, 33 Fla. 429, 15 So. 214. The right of a bank to .apply a depositor’s credit balance to the satisfaction of a debt due the bank is in the nature of a set-off, or application of payments which will not be required by law, in the absence of express agreement or appropriation, so as to benefit a surety. In the case of Nat. Mahaiwe Bank v. Peck, 127 Mass. 298 (text 301), 34 Am.Rep. 368, it is said: '‘The general rule accordingly is that, •where moneys drawn out and.moneys paid in or debts and credits are entered by the consent of both parties in the ■general banking account of a depositor, ,-a balance may be considered as struck at the date of each payment or entry ■on either side of the account; but where by express agreement, or by a •course of dealing between the depositor and the banker, a certain note or bond of the depositor is not included in the general account, any balance due from the banker to the depositor is not to be applied in satisfaction of that note or bond, even for the benefit of a surety thereon, except at the election of the banker.’ Other authorities are to the same effect. Strong v. Foster, 17 C.B. 201; Voss v. Bank, 83 Ill. 599, 25 Am. Rep. 415; [Second Nat.] Bank of Lafayette v. Hill, 76 Ind. 223, 40 Am. Rep. 239; Martin v. Bank, 6 Har. & J. 235; 2 Brandt, Sur. § 432; Morse, Banks (3d Ed.) § 563.”
The Camp case, supra, was decided in October, 1902 whereas § 675.04 Fla.Stat., F.S.A. was first enacted in 1897. Laws 1897, Chapter 4524, § 87. Therefore, it can not be said that § 675.04 altered the effect of the Camp decision. Further, while there appears to be no Florida cases interpreting § 675.04, it is noted that this section is the same as § 87 of the Uniform Negotiable Instruments Act which has been interpreted simply as authorizing a bank, at which an instrument is made payable, to pay same for the account of the principal debtor. It creates a right but does not impose a duty upon the bank.[2]
 We further point out that the defendant signed this note as an accommodation endorser before delivery and therefore is regarded as a surety and not an endorser.[3] This rule is unchanged by § 674.65 Fla.Stat., F.S.A., providing that a person not signing as maker, drawer or acceptor, and not indicating intention to be bound in another capacity, is an endorser.[4] A surety is an insurer of the debt and may he sued as a promisor.[5]
Accordingly, the summary final judgment appealed should be and is hereby reversed and remanded with directions to enter a final judgment in favor of the plaintiff.
Reversed with directions.

. § 675.04, Fla.Stat., F.S.A. reads as follows :
“Where the instrument is made payable at a bank, it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon.”

. Binghampton Pharmacy v. First National Bank, 1915, 131 Tenn. 711, 176 S.W. 1038, 2 A.L.R. 1377.

. Furlong v. Leybourne, Fla.App.1962, 138 So.2d 352; Central Trust Co. v. Manly, 5th Cir. 1939, 100 F.2d 992.

. Central Trust Co. v. Manly, supra.

. Scott v. National City Bank of Tampa, 107 Fla. 810, 139 So. 367; Collins, etc. v. National Fire Ins. Co. of Hartford, Fla.App.1958, 105 So.2d 190.