TILLMAN PEARSON, Judge.
The appellant was one of the defendants in an action in the circuit court to collect on three promissory notes totalling $100,000. S.he appeals a summary final judgment against her for $99,900 principal, $4,400 attorney’s fees and costs of $32.00.
Rose Weinstein, the appellant, was one of the endorsers with her husband upon the notes with which we are concerned. A corporation known as Benel, Inc. was the maker of the notes. Rose Weinstein was the owner of one-half of the capital stock in this corporation. Her husband was its president. The remaining stock in the corporation was owned by Harriet Dokson. Her husband was its secretary. The corporation was the maker; the corporate officers, David Weinstein and Edward Dok-son, and the stockholders, Plarriet Dokson and Rose Weinstein, endorsed the notes before delivery.
This appeal from a summary final judgment is distinguished by the fact that there is no contention that the court did not have all of the facts before it. The contentions and positions of the various parties were fully developed by discovery and submitted by affidavits upon motions for summary judgment. Both appellant and appellees moved for summary judgment. On this appeal the appellant urges that she should have been granted the summary judgment rather than the plaintiffs. The appellant raises six points which we will consider. They are as follows: (1) There was no competent evidence of consideration for Rose Weinstein’s endorsement; (2) The defendant-Rose Weinstein was entitled tp a judgment because a wife is not liable for the debts of a husband without a separate instrument in, writing and acknowledged in order to bind her separate property; (3) Rose Weinstein’s liability is limited to the collateral which was deposited by lrer; (4) The failure of the holder to properly present the. promissory notes for payment released Rose Weinstein who was an endorser; (5) The terms of the notes were extended and modified without the consent of Rose Weinstein; therefore, she is released from liability; (6) The record reveals that Rose Weinstein in endorsing the notes acted under a business duress.
It is apparent from the argument of this case that there is a fundamental difference of opinion between the appellant and appel- *685 lee as to the position occupied by the appellant. Rose Weinstein contends through her brief that as an accommodation endorser she is secondarily liable, and that the primary liability rested solely upon the corporate maker or upon Edward Dokson and David Weinstein. The appellee, upon the other hand, contends that the appellant as an accommodation endorser is primarily liable with the corporation and the corporate officers. In order to understand the basis for this'difference of opinion, it is necessary to recite some of the history of the ■dealings of the parties. Carl Susskind, one of the appellees, was in a business similar to that carried on by Benel, Inc. He lent to Benel, Inc. the sum of $100,000 and took from them three notes totalling $100,000. Each note was dated August, 1952 and payable on or before four years after date. Each note was endorsed as set out above. In addition, under the same date, there was a fourth note entitled “collateral note” by which the corporation and the individual defendants pledged all of the stock of the corporation, together with certain accounts receivable of the corporation as security for the payment of the indebtedness. The appellant contends that under this statement of facts, the court was under an obligation to look past the corporate entity and to find that David Weinstein and Edward Dokson were actually the corporation and further, that they used their wives merely as repositories for the husbands’ ownership of the stock of the corporation. Upon this basis, it is urged that the real obligation was that of the two husbands and that the wives were secondarily liable and ■only to the extent of the personal property (stock in the corporation) pledged. The evidence before the trial judge at the time that he entered the summary final judgment ■does not substantiate this position. It may be true that under some conditions wives ■stand passively by and allow their husbands the actual ownership of corporations in which the wives hold stock but that is not ■demonstrated in this record. Whatever the reason was for the appellant holding the stock, there is nothing in this record to show that it was not owned by her.
This action was one at law. What the appellant urges is that the corporate entity should be disregarded and the corporate veil pierced in order to declare David Weinstein and Edward Dokson as the only parties concerned. While the corporate veil may be pierced under proper allegations, this is usually a matter for a chancery court.
We have here a suit on a note in which appellant’s “Sixteenth Separate Defense” reads as follows:
“This defendant was never the real or beneficial owner or holder of the shares of stock of Benel, Inc., but that she was merely the alter ego of her now deceased husband.”
The sufficiency of this defense was tested by motion to strike. The lower court failed to rule thereon because of the imposition of the motions for summary judgment. We must, therefore, hold that the' court determined, and we think correctly,; that the “Sixteenth Separate Defense” did not state a defense to a recovery on the notes. Even if such allegation were true,it would not be a valid defense here.
Returning now to the question of whether or not the appellant Rose Weinstein was primarily liable on the note, it appears that she, as a stockholder, endorsed the note of her own corporation prior to delivery. Under the law as set out in Central Bank and Trust Co. v. Meltzer, Fla.App.1962, 145 So.2d 766, 768, Rose Weinstein, as endorser prior to delivery, was primarily liable on the note.
We turn now to the question of whether or not Rose Weinstein may be regarded as limited in liability because of the rule stated in Chisholm v. Coconut Grove Exchange Bank, 1940, 144 Fla. 770, 198 So. 703, where it was held that a pledge by a wife of security on a note upon which her husband was primarily liable amounted *686 only to a pledge of the securities and not an endorsement. We think that the rule does not apply in this instance because the wife endorsed in blank without restriction and pledged her security; therefore, she was primarily liable on the corporation’s note and as such, was fully liable. Cf., Kovens v. Bluestone, Fla.1962, 145 So.2d 473; Continental Can Co. v. Lee Co., Fla. 1949, 40 So.2d 783.
Appellant’s point directed to an alleged failure of the owner to properly present the notes for payment is without merit since, as an accommodation endorser before delivery, the appellant was primarily liable. No presentment for payment is necessary in order to hold one primarily liable on a note. Greeley v. Whitehead, 35 Fla. 523, 17 So. 643, 28 L.R.A. 286; § 674.72, Fla.Stat., F.S.A.
Careful review of the record reveals no basis upon which the trial court could have found that there was an extension of the terms of the promissory note. It is true that the owner failed to enforce payment on the notes for some five years after the due date but we know of no law which requires presentment at any specific time after maturity in order to charge a party primarily liable on a note.
The final point which we consider is appellant’s contention that she acted under a business duress from her husband. In support of this point, appellant relies upon Loew v. Friedman, Fla.1955, 80 So.2d 672. In that case the plaintiff threatened one of the defendants with disbarment and criminal prosecution if the defendant did not pay back to plaintiff the money which he had invested with the defendant. It was held that defendant’s wife who signed a note and mortgage to save her husband from disbarment and criminal prosecution acted under a business duress. We think that appellant’s reliance upon this case is not justified under the circumstances before us. There is nothing in this record to suggest that the appellant signed the notes for any reason other than to secure money for the operation of the business in which she was a one-half owner.
We conclude that the summary final judgment in this case was properly entered, and that the appellees were entitled to the judgment as a matter of law.
Affirmed.