201 So.2d 624 (1967)
VOLKSWAGEN INSURANCE COMPANY, a Corporation, Appellant,
v.
James R. TAYLOR, Appellee.
VOLKSWAGEN INSURANCE COMPANY, a Corporation, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, Appellee.
Nos. I-380, I-404.
District Court of Appeal of Florida. First District.
August 1, 1967.
*625 John I. Todd, Jr., of Howell, Kirby, Montgomery, Sands & D'Aiuto, Jacksonville, for appellant.
Marion R. Shepard, of Mathews, Osborne & Ehrlich, Alan C. Winter, Jr., and Evans, Stewart & Proctor, Jacksonville, for appellees.
WIGGINTON, Chief Judge.
Appellant, who was defendant in the trial court, seeks review of a summary judgment rendered in this case in favor of appellee James R. Taylor who was original plaintiff, and of a final judgment of dismissal rendered in favor of State Farm Mutual Automobile Insurance Company who was third-party defendant.
The factual setting out of which these causes of action arose is without dispute. Taylor was a passenger in a motor vehicle owned by Jessie Williams which was involved in a three-car collision on Phillips Highway in Duval County. The Williams car collided with the rear-end of a motor vehicle operated by an uninsured motorist, one James Stephens. As a result of this collision Taylor allegedly suffered personal injuries. When the vehicles came to a stop, the driver of Williams' car got out to examine the damage caused by the collision, while Taylor remained seated in the car. Before such examination was concluded, a second collision occurred in which an automobile operated by one John Forrest McEnulty, Jr., struck the Williams vehicle, thereby inflicting upon Taylor additional personal injuries from which he suffered damages.
Taylor brought suit against John Forrest McEnulty, Jr., owner of the third car, whose collision with the Williams vehicle allegedly inflicted additional personal injuries upon Taylor. The McEnulty suit was defended by his insurance carrier who had issued a policy of liability insurance on his vehicle. Taylor's claim against McEnulty was amicably settled for the sum of $1,500.00 upon payment of which Taylor delivered to McEnulty a complete release from further liability, and terminated the litigation then pending between them.
Williams, the owner of the vehicle in which Taylor was riding, held a policy of liability insurance on his vehicle issued by appellant, Volkswagen Insurance Company, hereinafter referred to as VICO. This policy contains an uninsured motorist clause which provides coverage for damages suffered by a passenger riding in the Williams automobile if caused by the negligence of an uninsured motorist.
Taylor, as a beneficiary under the VICO policy, made demand for the damages suffered by him as a result of the collision with the vehicle operated by the uninsured motorist, James Stephens. VICO questioned Taylor's entitlement to damages against the uninsured motorist, and furthermore questioned the amount of damages claimed as a result of his injuries. Because of this dispute the matter was referred to arbitration under the standard form of arbitration clause contained in the policy, in which VICO also denied coverage under its policy on the ground that Taylor had released McEnulty from further liability without the written consent of VICO. The arbitration proceeding resulted in an award in favor of Taylor in the amount of $6,571.00, together with administrative fees and costs.
Following the arbitration proceedings between Taylor and VICO, the latter refused to be bound by the award of the arbitrators, as a result of which this action was commenced. VICO resisted Taylor's claim for *626 judgment on the primary ground that Taylor had violated the terms of the insurance policy issued by VICO to Williams in that he had instituted suit against McEnulty and given to the latter a complete release without VICO's written consent. VICO alleged that such violation relieved it of liability under its insurance policy issued to Williams, and immunized it against the claim asserted by Taylor as a beneficiary under that policy. Secondarily, VICO asserted as a further defense that it had paid Taylor the sum of $1,000.00 under the medical payments coverage of its policy with Williams, and that the amount of such payment should be credited as a set-off against any amounts which may be found due Taylor in the case.
After preliminary skirmishing on the pleadings, Taylor filed a motion for summary judgment. At the hearing on this motion the trial court announced that the motion would be granted and a summary judgment entered in favor of Taylor against VICO for the amount awarded by the arbitrators. At the request of Taylor the court deducted from the arbitration award the amount of medical payments paid to him by VICO and also the amount of settlement received by Taylor from the operator of the third vehicle, John Forrest McEnulty, Jr. At this hearing VICO moved for and was granted permission to file a third-party complaint against appellee, State Farm Mutual Automobile Insurance Company, hereinafter referred to as State Farm. Pursuant to permission granted by the court, VICO filed its third-party complaint against State Farm alleging that it had issued to Taylor an automobile liability insurance policy containing an uninsured motorist clause similar to the one contained in the policy issued to Williams by VICO. The prayer of the complaint was for contribution from State Farm for its pro rata share of the judgment rendered against VICO in favor of Taylor in the main proceedings. Before State Farm was required under the rules to answer or otherwise plead to the third-party complaint, formal summary judgment was rendered in Taylor's favor against VICO. Thereafter, State Farm filed its motion to dismiss the third-party complaint on the ground, among others, that summary judgment had already been rendered in favor of the principal plaintiff, Taylor, thereby foreclosing the right of State Farm to assert any defenses it might have against Taylor with reference to the issues in the case. From final judgment granting the motion and dismissing VICO's third-party complaint this appeal is taken.
By its first two points on appeal appellant contends that the trial court erred in ruling as a matter of law that it was not relieved of liability under the uninsured motorist clause of its policy because of the release given by appellee Taylor to the tort-feasor McEnulty without VICO's written consent.
The policy under which appellee sought recovery against VICO contains the following exclusionary provision:
"This policy does not apply under Part IV: * * * (b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor; * * *."
Exclusionary clauses such as the one involved in this case have been held to be valid and binding on the parties to and beneficiaries under insurance policies containing such provisions.[1]
It occurs to us there are two valid reasons why VICO's position on the point here considered is untenable and must be rejected.
Firstly, from the pleadings, affidavits, admissions and exhibits on file in the cause *627 it appears that VICO knew of Taylor's claim against McEnulty for damages arising from the second collision which occurred at the time the Williams vehicle was stopped, and that he had settled with McEnulty's insurance carrier and delivered to McEnulty a release from any further liability in connection with that claim. It is clear that VICO became aware of the release given by Taylor to McEnulty before it filed its answer to Taylor's complaint in the arbitration proceedings because the existence of such release was interposed as a defense. Such defense, without dispute, raises an issue of coverage or liability under the policy, and has no relationship to Taylor's right to recover against the uninsured motorist, or the amount of damages he suffered for injuries received in that collision. With full knowledge of the release VICO participated fully in the arbitration proceedings and sought to procure a judicial determination on the question of liability and coverage under its policy only after the arbitration proceedings had been concluded and the award made in favor of Taylor.
In the case of Netherlands Insurance Company v. Moore[2] this court said:
"Neither appellant's motion to dismiss the complaint, nor its application for an order directing arbitration, denies or brings into question the existence or extent of coverage afforded by the policy. By the filing of its application for an order directing arbitration, appellant admits coverage as a matter of law, and is bound by the laws of this state regarding the extent of coverage provided by the uninsured motorist clause of its policy. Moreover, the terms of the uninsured motorist clause of the policy sued upon restrict arbitration to the issues of (1) the insured's right to recover against the uninsured motorist, and (2) the amount of damages suffered. Thus it is seen that in no event could the issue of coverage under the policy be considered in the arbitration proceeding, and the attempt of plaintiff to inject that issue into the case as a means of depriving appellant of the right to demand arbitration is a red herring of no legal significance."
If it was appellant's position that the execution of the release by Taylor to McEnulty constituted a violation of the insurance policy under which Taylor was claiming, it should have timely sought a judicial adjudication of this issue. If its position in this regard had been sustained by the court, a resort to arbitration of the remaining issues between the parties would have been wholly unnecessary. By having failed to take this action, but instead electing to participate in the arbitration proceeding on the issues properly encompassed within the arbitration clause of the policy, VICO cannot later be heard to insist that the giving of the release in question relieved it from liability under the exclusionary clause of its insurance contract.
Secondly, the release given by Taylor to McEnulty was in connection with the damages suffered by Taylor in a separate and unrelated cause of action arising out of the second collision between the McEnulty vehicle and the Williams vehicle in which Taylor was seated. McEnulty was not an uninsured motorist, but was fully insured and represented by his carrier in the suit brought against him by Taylor. Taylor's claim against VICO is restricted to the damages suffered by him as a result of the collision with the vehicle driven by the uninsured motorist. It is noted that by the summary final judgment appealed herein the trial court credited against the arbitration award in favor of Taylor the amount of settlement the latter received in his claim against McEnulty for which the release was given. Under the circumstances we find it most difficult to understand how the release prejudiced VICO's position. The purpose of the exclusionary clauses such as the one involved in this *628 case is to insure the carrier of the right to insist upon subrogation against the tort-feasor responsible for the damages claimed. VICO has received the full benefit of this protection, even should it be assumed that it was entitled to subrogation against McEnulty. Under the circumstances it is our view, and we so hold, that the summary judgment against VICO was proper as a matter of law and is therefore affirmed.
By its third point on appeal VICO insists that the trial court erred in dismissing its third-party complaint against State Farm. By this complaint, VICO sought subrogation because of the insurance policy issued by State Farm to Taylor which also contained an uninsured motorist clause. It is VICO's contention that it should be entitled to recover against State Farm for one-half of the amount it is obligated to pay Taylor under the summary judgment appealed.
As stated above, final summary judgment on Taylor's complaint against VICO was rendered after VICO's third-party complaint against State Farm was filed, but before the latter was required to answer or plead to that complaint.
Rule 1.180, Florida Rules of Civil Procedure, 30 F.S.A., providing for Third Party Practice, is in pertinent part as follows:
"(a) * * * The third party defendant may assert against the plaintiff any defenses which the third party plaintiff has to the plaintiff's claim. The third party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff. * * *"
Under the above-quoted provisions of third-party practice rule, State Farm is given the right to assert against the plaintiff Taylor any defenses which State Farm may have against Taylor's claim for damages resulting from the alleged negligent acts of the uninsured motorist. State Farm is privileged to either deny liability under its policy, or it may question Taylor's entitlement to recover against the uninsured motorist or to receive the amount of damages claimed by him. State Farm has the right under its policy to ask for arbitration on the issues of entitlement to damages as well as the amount thereof, if it cares to do so.
Since summary judgment had already been rendered in favor of Taylor against VICO before State Farm had the opportunity of asserting any defenses it may have against Taylor's claim for damages, it seems quite obvious that any such defenses interposed in its answer after rendition of summary final judgment would be fruitless. We agree with the trial court that VICO's delay in filing its third-party complaint against State Farm resulting in the situation hereinabove mentioned precludes VICO from insisting upon its right to subrogation against State Farm in this proceeding. VICO's third-party complaint was dismissed without prejudice, and it is free to assert against State Farm in any separate and independent action it may care to bring such claim to subrogation as it deems itself to be entitled. Having concluded that the order of dismissal was proper on the ground hereinabove mentioned, we do not reach nor pass upon the sufficiency of the third-party complaint to state a cause of action for the relief sought.
The judgments appealed are accordingly affirmed.
RAWLS and SPECTOR, JJ., concur.
NOTES
[1] American Fidelity Fire Insurance Company v. Richardson (Fla.App. 1966), 189 So.2d 486; Aetna Insurance Company v. Jordan (Fla.App. 1966), 189 So.2d 408.
[2] Netherlands Insurance Company v. Moore (Fla.App. 1966), 190 So.2d 191, 195, 196.