SPECTOR, Judge.
This is an interlocutory appeal by which appellants seek reversal of an order, apparently entered pursuant to Florida Civil Procedure Rule 1.540(b), 31 F.S.A. which reinstated appellees’ third party complaint against appellants.
The action herein initially began when David Toner filed a complaint against G & C Ford Company and its insurer, Universal Insurance Company. Others were joined as defendants but are not now involved because Toner subsequently took a voluntary dismissal as to them. G & C Ford and Universal filed a third party complaint *102 against appellants on December 3, 1969. In due course, the matter came to trial and at the end of plaintiff Toner’s case, the trial court directed a verdict in favor of G & C Ford and as a consequence of said ruling dismissed with prejudice G & C Ford’s third party complaint against appellants. The third party action was not at issue and was not involved in the trial which was terminated by the directed verdict.
Toner filed a timely appeal in this court to review the judgment against him and in favor of G & C Ford which was entered pursuant to the directed verdict noted above. That appeal resulted in a reversal of the judgment and the case was remanded for a new trial. Toner v. G & C Ford Company, 249 So.2d 703 (Fla.App.1971).
The third party plaintiffs, G & C Ford and Universal, did not appeal or seek review of the order dismissing with prejudice their third party complaint against appellants which was entered on June 23, 1970.
Following remand, Toner’s action against G & C Ford and Universal proceeded to trial without any action being taken in regard to the reinstatement or other preservation of G & C Ford’s third party complaint against appellant. The trial resulted in the entry of a judgment pursuant to a jury verdict against G & C Ford and Universal in favor of Toner for $32,000.00 on November 1, 1972.
A week later, November 8, 1972, the trial court, without notice, entered the order appealed herein vacating its order of June 23, 1970, and reinstating the third party complaint which had been dismissed with prejudice. The order states as follows :
“On June 23, 1970, this Court entered an Order dismissing with prejudice the Third Party Defendants, Verle A. Pope and Boston Old-Colony Insurance Company, by reason of a directed verdict entered by this Court against Plaintiff David Toner and in favor of G & C Ford Company, a corporation, and Universal Underwriters Insurance Company, a corporation. The Defendants G & C Ford Company, a corporation, and Universal Underwriters Insurance Company, a corporation, after the directed verdict in their favor obviously had no claim against Verle A. Pope and Boston Old-Colony Insurance Company, a corporation. Upon announcing the Court’s ruling directing this verdict, the Plaintiff, through counsel, voluntarily dismissed the remaining Defendants. This Order therefore is simply one wherein this Court believes to be purely administrative in nature.
“The First District Court of Appeal having reinstated this cause for a jury trial, upon motion by the Defendants G & C Ford Company, a corporation, and Universal Underwriters Insurance Company, a corporation, it is, therefore
“ORDERED AND ADJUDGED that the Order dismissing with prejudice the Third Party Complaint be and the same is hereby vacated. The Third Party Complaint be and the same is hereby reinstituted as if the same had never been dismissed. The cause of action that G & C Ford Company, a corporation, and Universal Underwriters Insurance Company, a corporation, has against the Third Party Defendants also became viable as a result of an adverse verdict against G & C Ford Company and Universal Underwriters Insurance Company by the Plaintiff, David Toner, by verdict entered by a jury on November 1, 1972. These Defendants therefore should have an opportunity to exercise any cause of action against said Third Party Defendants, Verle A. Pope and Boston Old-Colony Insurance Company at this time.”
Underlying the above described procedural maneuvers are the following facts. G & C Ford owned an automobile which was loaned to Pope for the latter’s use in *103 an election campaign. Although Pope did not personally see or use the car, it was used by Toner who was one of his campaign workers. On March 24, 1967, the date of the accident, Toner visited a bar in St. Augustine where he met a friend. While. there, they made the acquaintance of two young ladies. Ultimately, they drove the ladies to Jacksonville, the friend behind the wheel because Toner was tired and sleepy. After taking the ladies home, they started back to St. Augustine with the friend, one McGowan, continuing to drive. On the return trip an accident occurred and McGowan and Toner got out of G & C Ford’s car. While outside trying to assist the driver of the vehicle which had collided with their car, a third vehicle, hit the second car and injured Toner.
For reversal, appellants contend, -inter alia, that the order reinstating appellees’ third party complaint is erroneous because the said third party claim against appellants was not renewed by appellees until after the retrial of Toner’s claim for damages against appellees. Appellants argument in this regard is persuasive. Had Appellees renewed their third party action against appellants, the third party defendants, the latter would have had an opportunity to exercise their rights under Rule 1.-180, Florida Rules of Civil Procedure, 30 F.S.A., providing for third party -practice, which reads as follows:
“(a) . . . The third party defendant may assert against the plaintiff any defenses which the third party plaintiff has to the plaintiff’s claim. The third party defendant may also assert any claim against the plaintiff arising put of the transaction or occurrence that is the subject matter of the plaintiff’s claim against the third party plaintiff. .. .”
As stated by this court in Volkswagen Insurance Company v. Taylor, 201 So.2d 624, 628 (Fla.App.1967):
“Since summary judgment had already been rendered in favor of Taylor against VICO before State Farm had the opportunity of asserting any defenses it may have against Taylor’s claim for damages, it seems quite obvious that any such defenses interposed in its answer after rendition of summary final judgment would be fruitless. We agree with the trial court that VICO’s delay in filing its third-party complaint against State Farm resulting in the situation hereinabove mentioned precludes VICO from insisting upon its right to subrogation against State Farm in this proceeding. VICO’s third-party complaint was dismissed without prejudice, and it is free to assert against State Farm in any separate and independent action it may care to bring such claim to subrogation as it deems itself to be entitled. Having concluded that the order of dismissal was proper on the ground hereinabove mentioned, we do not reach nor pass upon the sufficiency of the third-party complaint to state a cause of action for the relief sought.”
It seems inequitable to allow a third party complainant to assert his claim against a third party defendant after the main suit against the former by the injured party has been concluded. To so allow would deprive the third party defendant of the procedural advantages afforded by Rule 1.-180, supra. Under the rule stated in the Volkswagen case, supra, we hold that it was error to reinstate appellees’ third party complaint at that late date.
While the rule in the Volkswagen case discussed above precludes reinstatement of the third party complaint herein, we must further note a critical distinction between the order of dismissal of the third party complaint in Volkswagen and the dismissal order in the instant case. In the former, the dismissal was without prejudice, whereas in the instant case the dismissal was with prejudice and, as noted hereinbe-fore, no appeal was taken by appellees regarding the prejudicial character of their dismissal. Thus, while we rely on Volkswagen as authority for reversing the order of reinstatement reviewed herein, the *104 verbiage in that case concerning the third party plaintiff’s, VICO’s, freedom to initiate a separate action against the third party defendant there is not applicable in the case sub judice because the order of dismissal here was final.
Accordingly, for the reasons stated above the order appealed herein is reversed.
JOHNSON, J., and YAWN, THERON A., Jr., Associate Judge, concur.