LARRY G. SMITH, Judge.
Appellants appeal from a final judgment in which the trial court found that a right-of-way reserved by appellants in a deed from them to appellees was no longer needed for access to appellants’ property, and in which the trial judge enjoined and restrained appellants from further entry upon the reserved right-of-way.
Appellants filed their complaint for damages and mandatory injunction for removal of obstructions to a right-of-way over property appellants had conveyed to appellees by means of a deed of conveyance which contained the following reservation of an easement:
The grantors reserve the following property to be used as a 30 ft public right of way: Beginning at a point 145 feet N of the SW corner of the NE V4 of the SE Vi of Section 9, TS 1 N, Range 28 W. Then go SE to a point 282 feet E of the SW corner of the NE Vi of the SE Vi of section 9 TS 1 N, Range 28 W, then go E 48 feet, then go N 30 feet, then go W 43 feet, then go NW to a point 30 feet N of the point of beginning, then go S 30 feet to the point of beginning. The above described ROW property will become property of the grantees if the ROW is no longer needed for access to property lying west of the 10 acres (more or less) described in this document. All gas, Oil and mineral rights except Vs shall remain with the grantors, (emphasis supplied)
Appellees answer and counterclaim interposed, among other things, the defense of duress as grounds for avoidance of the right-of-way, and sought both a temporary and permanent injunction restraining appellants from further entry upon their property.
The final judgment contains no findings of fact and no basis for the decision other than the language that the “right-of-way reserved in the deed is no longer needed for access to the property”.
Appellants primarily challenge the trial court’s finding that the reserved easement is “no longer needed for access” to appellants’ adjoining property. They argue, and our examination of the record confirms, that the evidence presented to the trial court established no change in the availability of means of access to the property between the date of reservation of the easement and entry of the final judgment.[1] It is further noted that appellees’ defensive pleadings alleged only that the easement was “not necessary or needed” since the property was accessible by other routes. But there is an absence of any allegation of any change in the condition of the property or access routes to it occurring subsequent to the creation of the easement. In the absence of allegations in the pleadings and appropriate proof showing a change in conditions we are simply unable to determine the basis for the trial judge’s finding that the easement is “no longer needed for access” to appellants’ property.
Of course, the ultimate question before this court is whether the trial court has *1177 arrived at a correct conclusion. That being the case, even though we may disagree with the reasoning given by the trial judge in the judgment appealed from, if the result reached is correct based upon other grounds or theories apparent from examination of the record, this court should affirm the decision. See 3 Florida Jur.2d, Appellate Review, § 296. Therefore, even though we must hold that the trial court’s judgment is based upon what we conceive to be an incorrect determination of the controlling evi-dentiary facts, we must examine the record to determine whether the pleadings and the evidence disclose any other basis for the trial judge’s decision.
The answer and counterclaim filed by the appellees contained, among others, the following allegations:
“3. The defendants went into possession of the property described in the attached Warranty Deed some four years prior to the execution of the Deed under an oral lease and contract to purchase the subject property for $2,000.00 an acre; that during this period of occupancy the plaintiffs allowed and encouraged the defendants to improve the property by constructing fences, numerous buildings, rental trailers, and establishing a business known as Pond Creek Arena and Stables. The plaintiffs are experienced land developers, one being a registered real estate broker, and have been involved in hundreds of sales during their lifetime; that the defendants have never purchased real estate before, and completely trusted the plaintiffs.
“4. The defendants repeatedly asked plaintiffs to close their sale as agreed, and after many months the instruments were prepared by the plaintiffs, and presented to the defendants. At that time defendants were advised that the purchase price was $3,000.00 per acre, and the easement, which is the subject matter of this litigation, was to be included.
“5. Plaintiffs advised the defendants that if they did not want to accept these terms they would have to vacate the premises, and either abandon their improvements or attempt to move them, which was impractical, if not impossible.
“6. That the easement is therefore voidable by the defendants, because of the undue influence and duress exercised by the plaintiffs.”
In their counterclaim appellees realleged the averments of a complaint filed by them simultaneously with the complaint filed by the appellants herein, in which they allege, in part, the following:
“5. That the defendants made no use of the proposed right of way under on or about February 20, 1978, when they caused 25 loads of clay and debris to be delivered upon the property of the plaintiff, and have insisted upon using a right of way through the middle of the plaintiffs’ property, which destroys the business they are operating on the property and have established over the past five years, and the defendants continue, despite notification to cease the trespass, to harass and harangue the plaintiffs, and to continue to trespass on the property.”
Although perhaps not a model of pleading, it is our conclusion that appellees adequately raised as a defense the doctrine of duress[2], by means of which they sought a judgment voiding the reservation of easement. This defense was not stricken, and at the trial a great deal of the testimony of the parties related to these allegations of duress on the part of appellants in obtaining the easement. However, because of the existence of conflicts in the testimony given *1178 by appellants and that given by appellees, we are reluctant to make a determination of whether the defense of duress has or has not been established, for to do so would, in our opinion, invade the province of the trial court. Therefore, under the principle stated in Knight v. City of Miami, 173 So. 801 (Fla.1937), which we think is adaptable to the circumstances presented here, the judgment appealed from is reversed and the cause remanded, with directions to the trial court to reconsider the cause in the light of this opinion and to make and enter an appropriate amended or modified judgment in the premises.
MILLS, C. J., and BOOTH, J., concur.

. There is (and was on the date of the deed reserving the easement) a paved county road lying along the entire westerly boundary of appellants’ forty-acre tract, and what is described in the testimony as an “old logging road” traversing the southerly portion of this tract from West to East, so that with some improvement by clearing and grading, appellants could utilize this route to reach their three-acre tract lying south of and adjoining the forty-acre tract. The trial judge heard the witnesses testimony concerning the feasibility and expense involved in utilizing this route, and in addition, viewed the property. We construe the trial judge’s finding as a determination that appellants have a suitable means of access; however, the same would have been true on the date the easement was reserved.

. “In early common law, duress embraced only duress of imprisonment involving an actual loss of liberty, and duress by means of threats. However, there has been a gradual relaxation of the rules and a recognition of other forms of duress, such as duress of property or goods, . and duress by ‘business compulsion’.” Florida Jurisprudence, Volume 11, “Duress and Undue Influence”, § 3. A particularly helpful treatment of the modem day concept of what constitutes “duress” is found in 25 Am.Jur.2d, §§ 3-9, inclusive. On the subject of “business compulsion”, see annotations in 79 A.L.R. 655 and 79 A.L.R.3rd 598. Cf. Weinstein v. Susskind, 162 So.2d 683 (Fla. 3rd DCA 1964).