WENTWORTH, Judge.
Appellants seek review of an order dismissing their amended third party complaint with prejudice. The dismissal was on the ground that as a matter of law any loss the third party plaintiffs may suffer as endorsers of a mortgage note was not proximately caused by the third party defendants. We affirm the dismissal on alternative grounds but without prejudice.
Appellants, defendants and third party plaintiffs below, endorsed and guaranteed a mortgage note between Florida First National Bank, mortgagee and plaintiff below and Land Tract Development, Inc., mortgagor and defendant below. Land Tract engaged Dake Associates as a consultant to perform certain development services under a contract specifying that Dake would separately contract with Morales and Shumer, appellees and third party defendants below, to provide engineering services, and that this separate contract *64 was attached, referenced, and a part of the contract with the consultant. Plaintiff below filed a foreclosure action on the mortgage note against mortgagor and endorsers in October 1975, and obtained a summary-final judgment of foreclosure in February, 1977, including an order for public sale of the mortgaged property, which this court affirmed in December, 1977.
The order now on appeal arises from a deficiency judgment suit by the mortgagee against the mortgagor and endorsers (appellants and third party plaintiffs). The third party complaint was filed in July, 1979, by leave of court, and amended in April, 1980. The amended complaint alleged that the negligence of the appellees, in performing engineering inspections and rendering reports on work completed, caused the mortgagee to wrongfully disburse loan proceeds to the mortgagor/developer. Further that, in turn, these unwarranted disbursements led, or contributed, to the foreclosure judgment and the present deficiency judgment action against the appellants.
The appellees concede that it was reasonably foreseeable that the mortgagee would rely on appellees’ certifications of work completed to issue mortgage loan proceeds and that negligence in performing these duties could foreseeably injure the mortgagee. Appellees argue, however, and the trial court agreed, that it was not foreseeable that this negligence would be the proximate cause of injury to the appellants. We are unable to agree. Multi-party mortgage notes such as those here in question, with a lender, borrower, and endorsers, are common instruments in the financing of real estate developments, particularly where, as in this case, the borrower is a corporation with limited liability under corporate law. We conclude that it is not merely foreseeable but probable that should there be a mortgage foreclosure because the work completed did not keep pace with the loan disbursements, the lender would seek to recover any deficiency from the unincorporated endorsers with their unlimited liability. Thus the allegations in the amended third party complaint that appellees’ negligence caused the lender to disburse loan proceeds which would not otherwise have been disbursed, and that these wrongful disbursements either led or contributed to the deficiency which the lender is seeking to recover from the appellants, are sufficient to withstand a motion to dismiss, if true, and they are of course assumed to be so for the purpose of considering a motion to dismiss.
Appellees argue that the dismissal should be sustained if any alternative theory supports the dismissal. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1980), and Jones v. Weaver, 374 So.2d 1175, 1177 (Fla. 1st DCA 1979). As an alternative theory to support the dismissal, appellees argue that the appellants’ delay in filing the third party complaint until years after the foreclosure judgment prejudicially prevents the appel-lees from exercising rights under Fla.R. Civ.P. 1.180 to assert any defenses which the third party plaintiff has against the plaintiff. Appellees concede that the dismissal should be without prejudice if sustained on this ground. We agree with the alternative ground and do not reach the additional alternatives that appellees argue to support the dismissal. See Volkswagen Insurance Co. v. Taylor, 201 So.2d 624, 628 (Fla. 1st DCA 1967), and Watson v. G & C Ford Company, 293 So.2d 101, 103 (Fla. 1st DCA 1974). We affirm and remand with directions to order the dismissal without prejudice to actions other than the third party remedy here invoked.
ERVIN and JOANOS, JJ., concur.