PER CURIAM.
This is an appeal from a summary final judgment and a judgment on the pleadings entered in favor of the defendants Elliot and Felecia Shaw [hereinafter Shaws] in an action sounding in equitable subrogation brought below by the plaintiff Suburban Nursing and Mobile Homes, Inc. [hereinafter Suburban], The issue presented is whether a party, as here, who (a) pledges collateral to secure a note, and (b) loses the collateral to the creditor to pay off the underlying debt after the maker of the note defaults, is equitably subrogated to the rights of the creditor so that he may recoup his loss against an absolute guarantor of the note. We conclude that such a party is equitably subrogated to the creditor’s rights under these circumstances and is entitled to pursue an equitable subrogation claim against an absolute guarantor of the note. See First National Bank of Pennsylvania v. United States, 398 F.Supp. 100, 102 (W.D.Pa.1975); Cuesta, Rey & Co. v. Newsom, 102 Fla. 853, 136 So. 551 (1931); Anderson v. Trade Winds Enterprises Corp., 241 So.2d 174, 177 (Fla. 4th DCA 1970), cert. denied, 244 So.2d 432 (Fla.1971); Weinstein v. Susskind, 162 So.2d 683, 685 (Fla. 3d DCA 1964); Ulery v. Asphalt Paving, Inc., 119 So.2d 432, 436 (Fla. 1st DCA 1960). See generally Cappucio, Subrogation in Florida, 21 U.Miami L.Rev. 240 (1966).
This being so, it is plain that the trial court in the instant case was in error (1) in entering summary judgment and judgment on the pleadings in favor of the defendants Shaw, two of the absolute guarantors on the defaulted note herein, and (2) in denying the plaintiff Suburban, the pledgor of the collateral herein which satisfied the subject note, a summary judgment in its favor against the defendants Shaw. The final judgment under review is accordingly reversed and the cause is remanded to the trial court with directions to enter a summary judgment in favor of the plaintiff Suburban.
Reversed and remanded.